# CHARLESTON.

## DANSER v. DORR.

Submitted February 13, 1912. Decided May 6, 1913.

1. CORPORATIONS—*Officers—Personal Liability.*

The president and general manager of a corporation who, without authority from his company to do so, directs a servant, employed to perform certain work for the company, to order such material as is needed for the work, is personally liable to the seller for the price of goods ordered by such servant in the individual name of the president, notwithstanding they are used in the work of the company. (p. 432).

72 W. Va.

2.   VENUE—*Process—Right to Elect—Service.*

If a cause of action arises in one county, and the sole defendant resides in another, plaintiff may sue in either. But if he sues where the cause of action arose defendant must be served with process in that county.  (p. 432).

3.   SALES—*Venue—Place of Payment—Action for Price.*

If goods are sold and shipped upon order which states no place of payment, it is the duty of the purchaser to pay at the seller's place of business, if in the state. The failure to pay gives the seller a right of action which he may assert either chaser resides.  (p. 433).

4.   APPEAL AND ERROR—*Harmless Error—Plea to the Jurisdiction—Reversal.*

If the jurisdiction of the trial court sufficiently appear from any part of the record, this court will not reverse a final judgment rendered upon the merits, on account of error committed in the trial of an issue on a plea to the jurisdiction.  (p. 432).

5.   TRIAL—*Motion to Exclude Evidence—Waiver.*

Defendant waives the benefit of his motion to exclude plaintiff's evidence, by thereafter introducing his own.  (p. 433).

(LYNCH, JUDGE, absent).

Error to Circuit Court, Lewis County.

Action by W. C. Danser against C. P. Dorr. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Brannon & Stathers,* for plaintiff in error.

*E. A. Brannon* and *Chas. P. Swint,* for defendant in error.

WILLIAMS, JUDGE:

Action of assumpsit for the price of goods alleged to have been sold and delivered by plaintiff to defendant. Judgment in favor of plaintiff for $577.92, and defendant obtained this writ of error.

Suit was brought in Lewis county and process served on defendant in that county. Defendant pleaded want of jurisdiction. Issue was joined, and at the March term, 1909, a trial by jury resulted in a verdict upholding the jurisdiction. Defendant then pleaded the general issue. At the November term,

1909, a trial was had upon the merits, and a verdict returned in favor of plaintiff.

Counsel for defendant admit that there is but one question in the case, viz.: Did defendant purchase, or authorize the purchase of the goods from plaintiff, for the price of which the action is brought? This question arises both upon the plea in abatement, and upon the trial upon the merits. Therefore, it is only necessary to consider the evidence in relation to the question upon the merits, for the character of the case is such that, if plaintiff is entitled to recover in any event, his action is maintainable in Lewis county; and, if any error was committed in the trial of the issue on the plea in abatement, it would be harmless, unless there is also error in the trial upon the merits. This court will not reverse for harmless error. *Nichols* v. *Camden Interstate Ry Co.*, 62 W. Va. 409, 59 S. E. 968; *State* v. *Davis*, 68 W. Va. 142, 69 S. E. 639.

The plea in abatement avers that defendant resided in the county of Webster and was served with process in Lewis county, and that the alleged cause of action did not arise in the latter county. Jurisdiction depends upon whether the cause of action, or any part of it, arose in Lewis county. If it did, the creditor could elect to sue in that county, or in the county of Webster, the place of defendant's residence. Sec. 2, ch. 123, Code (1906). That the goods were shipped by plaintiff, consigned to defendant at Webster Springs, and were received by one H. J. Bragg who claimed to be acting for defendant, is not denied. There is also evidence tending to prove that the goods were shipped upon a written order given therefor, signed "C. P. Dorr by H. J. Bragg." Hence both the jurisdiction of the court and the merits of the case depend upon the agency of Bragg. There is conflict in the testimony of witnesses on this point; and, unless there is a great preponderance of evidence against the verdict, the court would not be justified in setting it aside. The goods consisted of plumbing material, and were used in a water works plant at Webster Springs, which at one time appears to have been owned by defendant, and later by the Webster Springs Water and Electric Light Company, a corporation, of which defendant was president and general manager. The goods were shipped in the fall of 1904, and defendant testifies that the plant was then owned by the corporation, and

that he did not order the goods or authorize anyone else to order them. He moreover testifies that he "had no authority to authorize anyone to buy." But he is contradicted by two witnesses, H. J. Bragg and J. C. Cricher, both of whom did work on the plant. Bragg testifies that defendant told him to order whatever material was needed for the work, and Cricher says he was present and heard defendant give that direction. He also says that he did not know that the plant was owned by a corporation, and that defendant "practically gave orders for all work." Bragg says he knew that the plant was owned by a company but did not know any stockholders or officers other than defendant. The jury were the judges of the disputed fact concerning Bragg's agency. There is no evidence tending to prove whether defendant told Bragg to order the goods in defendant's name, or in the name of his company. But, in view of defendant's testimony that he had no authority from his company, it is not material in whose name, or whether in any particular name, he was directed to make the order. Because the legal effect is the same as if he had authorized Bragg expressly to order the goods in his (defendant's) name. For, if he gave direction to Bragg on behalf of his company, without its authority, it would present the case of an agent acting in excess of his authority, in which event the law holds him personally liable. In view of the conflict in the testimony, the court did not err in overruling the motion of plaintiff to set aside the verdict.

Defendant waived his motion to exclude plaintiff's evidence, made when plaintiff rested his case, by thereafter introducing his own evidence. This question has been so frequently decided that we deem it unnecessary to elaborate on it. *Core* v. *Railroad Co.*, 38 W. Va. 456; *Poling* v. *Ohio River R. R. Co.*, 38 W. Va. 646; *Trump* v. *Tidewater Coal & Coke Co.*, 46 W. Va. 238; *Ewart* v. *New River Fuel Co.*, 68 W. Va. 10.

Plaintiff's place of business is in Weston, Lewis county; and if the goods were purchased by order, and no place of payment agreed upon, it was the duty of the purchaser to make payment at the place of purchase. The failure to pay would constitute a breach of the implied contract, and would give cause of action, where the breach of duty occurred, which was in Lewis county. *Harvey* v. *Parkersburg Insurance Co.*, 37 W. Va. 272. "A debtor must seek his creditor to pay him, unless the cred-

itor be out of the State." *Galloway* v. *Standard Fire Ins. Co.*, 45 W. Va. 237; 3 Elliott on Evidence, sec. 2579; 30 Cyc. 1185.

The rulings of the court upon instructions are consistent with the law as herein expressed. Finding no error, we affirm the judgment.

*Affirmed.*