# CHARLESTON.

STATE *ex rel.* P. L. BRANNON *et als. v.* A. P. HUDSON, JUDGE, *et als.*

Submitted November 20, 1923.   Decided December 4, 1923

1.  DISMISSAL AND NONSUIT—*Order of Dismissal, Inadvertently Entered, May be Reinstated by Agreement of All Parties and Consent of Court.*

    Where an order omitting a chancery cause from the court's docket has been inadvertently entered, all of the parties in interest may, by consent and agreement, and by consent of the court, reinstate the same upon the docket, and proceed with the trial of the cause, although more than three terms of the court have elapsed since the order omitting it from the court's docket.  (p. 185).

2.  MANDAMUS—*Will Not Lie to Compel Dismissal on Motion of Plaintiff, Where Others Similarly Situated Seek Same Relief.*

    Where a plaintiff sues as a citizen and taxpayer on his own behalf and on behalf of all other citizens and taxpayers similarly situated, to prevent the payment of illegal and fraudulent debts created by a board of education, and other taxpayers answer the bill adopting the allegations of the bill and seeking the same result, and it appears to the court in the course of the litigation that other taxpayers are interested in the fruition of the relief prayed for in the bill, this court will not by the writ of

mandamus compel the circuit court to dismiss the cause upon motion of the plaintiff. (p. 186).

Original mandamus action by the State, on the relation of P. L. Brannon and another, against A. P. Hudson, Judge, and others.

*Writ refused.*

*W. C. Reddy, Geo. H. Williams,* and *John Baker White,* for relators.

*B. Kemp Littlepage,* for respondents.

LIVELY, JUDGE:

Relators seek, by mandamus, to compel the judge of the circuit court of Kanawha county to enter an order dismissing a chancery suit pending in that court instituted by Brannon in the year 1917 as a citizen and taxpayer, on his own behalf and for and on behalf of all other citizens, residents and taxpayers of Cabin Creek District in Kanawha county, against the board of education, its president and members, R. O. Evans and others. The object of the chancery suit was to enjoin the board from paying certain indebtedness alleged to have been illegally and fraudulently contracted by it, including the purchase of certain agricultural charts from R. O. Evans at the price of $1875. Some of the facts set up in that cause, and the status of the pleadings are detailed in the mandamus case of *State ex rel Jones v. Kuhn,* 94 W. Va. 415, 119 S. E. 169.

Relators moved to dismiss the chancery suit instituted by Brannon, the court refused the motion, on September 29, 1923, and hence this proceeding to compel him to do so.

The papers in the chancery cause disclose that Brannon, Bannister and others, as taxpayers of the district, participated in the litigation with a view to prevent the payment of the alleged illegal indebtedness; answers and affidavits were filed, and on July 19, 1917, the injunction was dissolved "except so far as the same relates to the articles described in said bill of complaint as 50 agricultural charts at $37.50 each, $1875, and as to which said articles said injunction is continued in force." No further action appears to have been

taken until October 23, 1920, when the cause, together with a number of other causes, was retired from the docket, "for reasons appearing to the court." It appears from affidavits filed with the return to this writ, that counsel representing R. O. Evans and Brannon together with counsel representing all the other parties in interest in the injunction suit agreed to a reinstatement of that cause, "inadvertently omitted from the docket," and it was duly reinstated by order of December 5, 1922, in order that the controversy might be further litigated and finally adjudicated. The bill was then amended bringing in as parties defendant the sheriff and county financial secretary. On that date R. O. Evans filed his petition and answer, and later took and filed depositions to sustain the answer. Relator, Brannon, now says he knew nothin of this reinstatement, nor of the amendment to his bill; that he paid all of the costs of his suit in 1917, and now does not wish to carry the litigation further, being convinced that he cannot sustain the allegations of his bill; that he desires to be released from further liability for court costs, and damages on his injunction bond; that he is the sole plaintiff and has full and undisputed right to compromise, abandon or dismiss his suit; that he has agreed with R. O. Evans, the only defendant who has any substantial interest in the suit, to dismiss it, and that he be released from all liability on his bond; hence, the court has no power or right to retain jurisdiction of the case, and should be compelled by mandamus to enter the order of dismissal requested by relators, Brannon and R. O. Evans; and they pray for such writ.

Relators say the order of dismissal, October 23, 1920, is final, and the order of reinstatement is void, as well as all subsequent proceedings, and the court had no right to take further jurisdiction. Whether the order of dismissal be final or not, the return says, supported by affidavit of the attorneys, that all parties in interest agreed to the reinstatement in order that the controversy might be settled, and that the agreement was the result of the efforts of R. O. Evans, who now denies the court's jurisdiction, Brannon's Counsel so agreed. They submitted themselves to the court's jurisdiction as effectually as if they had appeared and waived process in any cause within the court's jurisdiction to try. *Yates* v.

*Taylor County Court,* 47 W. Va. 376. Judge BRANNON said in his concurring opinion in that case: "The test of jurisdiction is, has the court power to begin to determine? Has the court power to take up and examine the merits, and determine whether it can or cannot give judgment on the merits? If so, it has jurisdiction, and its judgment, though grossly erroneous is not void." If the court has jurisdiction of the subject matter, the parties may voluntarily submit themselves to · the jurisdiction to determine a controversy over that subject matter.

Can Brannon, the only party plaintiff, dismiss the case upon agreement with R. O. Evans, the only defendant in beneficial interest? The bill is filed on behalf of all the citizens and taxpayers of Cabin Creek district. Bannister, the then president of the board, and a citizen and taxpayer, answered, and concurred in the allegations of the bill, and asserted that the indebtedness to Evans contracted by the board was illegal, fraudulent and void, The Board as such now resists the collection of this debt, and desires that the claim be litigated and the controversy be judicially, and forever settled. The court in its order has found that the interests of other parties have intervened and for that reason Brannon is not the sole *dominis litis.* We think the record fully discloses that Brannon is not the only person interested in continuance of the suit, although he is the only person named as plaintiff. He has the right to retire from the litigation and be relieved from costs, and from liability on the injunction bond, if that bond be in force. The court should accord him this right if desired, but he seeks to obtain this right by a dismissal of the suit. He would be accorded his full rights by an order dismissing him from the suit. He has mistaken the method. Those whose interests have intervened, as found by the court, should be substituted as plaintiffs, and Brannon relieved if he so desires. He is entitled to be dismissed and when that is done, he is fully protected, unless, perhaps, his desire to help his erstwhile opponent, R. O. Evans, is not accomplished. His desire to do so, if that be the case, is not a basis of right for his own protection. What the court may do in this regard is a matter of procedure, and because it has not been done does not affect jurisdiction to pass upon the merits upon

proper procedure for that purpose. It would be improper for this court to dictate the method of procedure by mandamus.

The writ will be denied.

*Writ denied.*