# CHARLESTON.

DEITZ COLLIERY COMPANY *v.* LEE OTT, *State · Compensation Commissioner*

(No. 5458)

Submitted September 15, 1925. Decided September 22, 1925.

COURTS—*Supreme Court as No Original Jurisdiction on Petition by Employer to Review by Certiorari Action of State Compensation· Commissioner in Awarding Compensation.*

This Court has no original jurisdiction on the petition of an employer to review by certiorari the action of the State Compensation Commissioner in awarding compensation. (Courts, 15 C. J. § 568).

NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

Certiorari proceeding by the Deitz Colliery Company against Lee Ott, State Compensation Commissioner, to review award of compensation, under the ·Workmen's Compensation Act, to the widow of a deceased employee.

*Writ dismissed.*

*Dillon, Nuckolls & Mahan,* for petitioner.

*Howard B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent.

MILLER, JUDGE:

By original writ of certiorari the petitioner seeks to review the action of the state compensation commissioner in awarding to the widow of one of its deceased employees compensation under the workmen's compensation act.

Section 43 of Chapter 15-P of the Code, provides that in case the commissioner denies the right of the claimant to compensation on certain grounds therein enumerated, the claimant may, within ninety days after notice of the final action of the commissioner, apply for an appeal to this Court; but there is no provision in the act entitling the employer to such an appeal. Petitioner alleges that it is entitled to have the action of the commissioner in making an award reviewed by this Court by certiorari under its common-law rights, although the statute does not so provide.

Certiorari, it seems was at common law the proper remedy to review the proceedings of inferior tribunals in order to prevent a failure of justice, where the law did not provide redress by appeal, writ of error or other process. *Meeks v. Windon,* 10 W. Va. 180; *Poe* v. *Machine Works,* 24 W. Va. 517; *Beasley* v. *Town of Beckley,* 28 W. Va. 81; *Morgan* v. *Ohio River Railroad Company,* 39 W. Va. 17; *Ashworth* v. *Hatcher, Judge,* 98, W. Va. 323, 128 S. E. 93; 11 C. J. 88.

While certiorari may be the proper remedy in cases like the one presented here, the petition must be addressed to a court having jurisdiction to entertain such proceeding; to a court having general jurisdiction, or original jurisdiction in certiorari in some manner conferred upon it by law. 7 R. C. L. 1030, 1032; 15 C. J. 730-732; *Courter* v. *Simpson Construction ·Company,* 264 Ill. 488, (a compensation case).

The supreme court of this State is one created by the constitution, and its jurisdiction is prescribed and limited by the constitutional provision which created it. Section 3 of Article viii of the constitution provides that, ''It shall have original jurisdiction in cases of habeas corpus, mandamus, and prohibition''. And by the same section the appellate jurisdiction of the court is prescribed, which extends to cases of certiorari. See also, Code, Ch. 113, Sec. 4. Section 12 of said article viii, confers upon the circuit courts supervision and control of all proceedings before justices and other inferior tribunals, by mandamus, prohibition and certiorari; and, except in cases confined exclusively by the constitution these courts are conferred with original and general jurisdiction of all matters of law, etc. No such general jurisdiction is given the supreme court of appeals, nor is it given the supervisory jurisdiction conferred upon the circuit courts, either by the constitution, or by statute pursuant to any constitutional provision. In *State* v. *Shumate,* 48 W. Va. 359, it is said that this court does not have jurisdiction of the common-law writ of error, except in those cases warranted by the constitution or by statute. And the supreme court is not given original jurisdiction to award injunctions; and it has been held that this power is not possessed by the court,

or by a judge thereof in vacation.   7 Enc. Dig. Va. & W. Va. Rep. 601.

Thus it appears that this Court has consistently refused to entertain jurisdiction of matters not expressly conferred by the constitution or by statute.   Wherefore, we are of opinion that we have no jurisdiction in the present instance.

The writ will be dismissed.

*Writ dismissed.*