# CHARLESTON.

WILLIAM WAGNER *v.* EDGINGTON COAL COMPANY

(No. 5337)

Submitted October 6, 1925.   Decided October 13, 1925.

APPEAL AND ERROR—*Construction and Application by Court of Its Own Rules Will Not be Disturbed on Appeal, Unless Construction is Inconsistent With Their Language, or Conflicts With Either True Spirit and Meaning, or Violates Some Organic or Statutory Law.*

Courts are the best exponents of their own rules; and the construction and application of such rules by the courts adopting and promulgating them will not be disturbed by the appellate court, unless the construction placed thereon is inconsistent with their language, or clearly in conflict with their true spirit and meaning, or violative of some organic or statutory law.

(Appeal and Error, 4 C. J. § 2782; Courts, 15 C. J. § 291.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Ohio County.

Motion by William Wagner for judgment against the Edgington Coal Company.   Default judgment for plaintiff was set aside by an order of the court, and plaintiff brings error.

*Affirmed.*

*J. Bernard Handlan* and *Charles B. Ahrens,* for plaintiff in error.

MILLER, JUDGE:

This writ of error was awarded to the action of a judge of the Circuit Court of Ohio County in setting aside a default judgment entered by him on a motion for judgment pursuant to notice duly served on defendant and returned to the office of the clerk of the court. On the return day named in the notice, which came in term time, defendant failing to appear, plead, answer or demur, judgment was entered against it, on plaintiff's motion. Before the end of the term defendant learned of the judgment and moved the court to set the same aside, and asked that it be permitted to file its answer and that the proceeding be continued until the next regular term of the court. In support of its motion defendant filed the affidavit of its counsel, to the effect that on the return day of the notice, he appeared before the judge of Part II of the Circuit Court of Ohio County, at 9:30 o'clock in the morning, and remained in the judge's office until about noon of that day, but that neither plaintiff nor his counsel appearing, he requested the judge to continue the matter until a later date, which was done; that some time thereafter he learned from one of counsel for plaintiff that on the return day judgment had been entered against defendant by the judge of Part I of the court; that he was under the impression that the judge presiding in Part II of the court heard all matters as to motions, and that such proceedings had come up before that judge during the preceding year, and that if the notice had specifically stated the hearing would be had in Part I of the court, he would have appeared therein at the proper time; and that defendant had a good defense to the action.

Defendant's answer filed in open court at the time the motion to set aside the default judgment was made, alleges that no sums of money are due from the defendant to the plaintiff, but that the plaintiff is indebted to the defendant. This answer is sworn to by the president of the defendant company, and is accompanied by a bill of particulars, setting up defendant's claim against the plaintiff.

In resisting defendant's motion, plaintiff filed the affidavit of his counsel; that by a rule of the court adopted on May 22, 1905, still in effect and operation, it was provided that

petitions, notices and motions contemplating action by the court, in cases not assigned and apportioned, except as otherwise provided, should be docketed in Part I of the court; that this rule was a matter of common knowledge among the members of· the Ohio County bar; that the notice of motion in this case was not assigned; that it was the practice in the Circuit Court of Ohio County for the two judges thereof to sit alternately in Part I and Part II, beginning with the January term of each year, which practice was well known to all the members of the bar; and that the judge who entered the judgment complained of sat in Part II during the year 1923, and during the year 1924, in Part I.

Plaintiff now argues that "good cause" for setting aside the judgment was not shown by defendant, as required by section 47, chapter 125 of the Code. It is contended that defendant's counsel was negligent, and that his negligence is imputed to his client; and that the reasons given for failure to appear to the notice do not constitute "good cause."

In view of the peculiar constitution of the circuit court for the first circuit, the only one in the state so constituted, and the adoption of certain rules governing the assignment of cases and proceedings between the two judges for that circuit, we think the question here arising depends mainly on the proper construction and application of these rules. Section 10 of Article VIII of the state constitution provides: "For the circuit hereinafter called the first, two judges shall be elected, and· for each of the other circuits one judge shall be elected by the voters thereof. * * *. The business of the first circuit may be apportioned between the judges thereof, and such judges may hold courts in the same county or in different counties within the circuit at the same time or at different times as may be prescribed by law." We are not cited to any legislative provision regulating the apportionment of the business of the first circuit between the two judges thereof, nor do we find such provision in the acts of the legislature. Obviously, it is necessary that some rules be promulgated and applied under the circumstances, for the expedition of the business coming before the court. Otherwise much confusion would necessarily arise. And courts of general jur-

isdiction have inherent power and authority to prescribe and enforce rules and regulations for the conduct of their business not inconsistent with positive law, nor obstructive of common rights. *Teter* v. *George*, 86 W. Va. 454; *Ex parte Doyle*, 56 W. Va. 280; *Piano Co.* v. *Burgner*, 89 W. Va. 475; *Bank* v. *Dixon*, 94 W. Va. 21.

In *Piano Co.* v. *Burgner*, cited above, it was held: "The interpretation placed upon a rule by the court adopting and promulgating it will be followed by this Court, unless such construction is in violation of the plain terms of the rule, or of some organic or statutory law." And this proposition seems to be fully supported by our own decisions as well as by those of other jurisdictions. *Teter* v. *George, supra; Bank* v. *Dixon, supra;* 7 R. C. L. 1028; 15 C. J. 910-911; 41 Am. St. Rep., note p. 645; *State* v. *Smith*, 44 Mo. 112; *Morrison* v. *Nevin*, 130 Pa. St. 344; *Mix* v. *Chandler*, 44 Ill. 174; *Ettinghausen* v. *Marx*, 86 Ill. 465.

The rules here invoked by plaintiff is local in its application, the rule of the court for the government of procedure in Ohio County alone. It was promulgated by the judges of that court, and they, or either of them, must necessarily know better than the appellate court the purpose and effect of the rule, and the construction to be placed upon it, or how it should be applied. And it had frequently been held that courts are the best exponents of their own rules. *Brennan's Estate*, 65 Pa. 16, 19; *Mix* v. *Chandler, supra.* Rules of court are made to promote the administration of justice, and necessarily, the courts making such rules must be allowed a wide discretion in their interpretation and application, having at all times regard to the reason upon which they rest and their true spirit and meaning. 15 C. J. 911, and cases cited.

It is to be presumed that the judge setting aside the default judgment in question took into consideration the facts and circumstances attending the same, and all the rules and the local customs governing practice in the circuit and county, in determining whether or not defendant showed good cause for non-appearance before him at the time the judgment was entered. Defendant's counsel, according to his affidavit, did appear in court at the time the notice was returnable, but

says he was mistaken as to which judge the motion would come before. He says the judge of Part II of the court continued the matter until a later date. While no order of continuance is exhibited in the record before us, section 6 of chapter 121 of the Code provides that where such motion has been docketed under section 1 of chapter 131 of the Code, it shall not be discontinued by reason of no order docketing the same upon the return day thereof. The order of the lower court now complained of was based on a finding of fact under a local rule of the court, and in view of the record before us and the jurisdiction and discretion given trial courts in the construction and application of their own rules, we are not disposed to set aside such finding or to reverse the order.

The action of the circuit court will be affirmed.

*Affirmed.*