## CHARLESTON.

MARY E. ROBINSON, ADMINISTRATRIX, ETC. *v.* W. H. ENGLE, *et al.*

(No. 6517)

Submitted September 18, 1929. Decided September 24, 1929.

*D. W. Taylor, Ernest E. Coon,* and *Roderick G. Merrick,* for plaintiff in error.

*Harper & Baker, W. E. R. Byrne,* and *Thos. P. Ryan,* for defendant in error Engle.

MAXWELL, JUDGE:

The plaintiff as administratrix of the personal estate of James M. Robinson, deceased, sued the defendants, W. H. Engle and Harry A. Geary, in the circuit court of Kanawha County for damages for the alleged wrongful death of said decedent from being struck in Kanawha County by an automobile of Geary being driven by Engle when the accident occurred. At the time of the institution of the suit Geary was a resident of Kanawha County and Engle of Roane County. Process as to each was directed to the county of his residence and served there.

At rules at which the declaration was filed, Engle filed a plea in abatement which challenged the jurisdiction of the court as to the said defendant, on the ground that he resided in a county other than the county of the forum and was improperly joined as a defendant. When the case came on to be heard, after a motion by Engle to quash the summons and return had been overruled, and Geary's demurrer to the declaration had likewise been overruled, the plaintiff replied generally to the said plea in abatement and issue was joined thereon. The order then contains this recital: "And the plaintiff then moved the court for a trial of the issue joined on said plea in advance of the trial of any issue to be joined on the declaration on the merits of the case, which motion the defendants resisted, and the same was overruled, to which ruling of the court the plaintiff at the time excepted." A plea of general issue followed as to both defendants and joinder therein by the plaintiff. The jury was sworn to try the "issue". At the conclusion of all the evidence, as appears from the court order, the plaintiff "moved the court to strike out the plea in abatement filed by the defendant, W. H. Engle, or to direct the jury to find for the plaintiff on the issue joined thereon; and the court found for the plaintiff on the issue joined on the plea in abatement." This motion of the plaintiff was ill-advised, and the court's ruling thereon was without effect, because under our statute and

decisions hereinafter cited, the question of the court's jurisdiction as to Engle had already been eliminated from further consideration. The jury by its verdict found for the plaintiff $10,000 damages against Engle, but relieved Geary from liability. The verdict was received by the court and recorded.

At the subsequent term of court Engle again moved the court to quash the summons and the return of service as to him and to dismiss the action as to him. The court sustained these motions and entered judgment for Engle, without prejudice to the plaintiff's right to institute such other action against said defendant as might be proper. The court also entered judgment for Geary on the verdict.

By this writ of error there is brought into question the action of the trial court in sustaining the said two motions of Engle and in dismissing the action as to him.

It is our opinion that the action of the court in said particular involved error prejudicial to the rights of the plaintiff. The question of the jurisdiction of the court as to Engle could properly have been determined only on the plea in abatement, before trial on the merits, and when such course was not taken because Engle objected thereto, though the plaintiff requested the same, it was too late thereafter for Engle again to raise the question of jurisdiction. When Engle went to trial on the merits without urging his plea to the jurisdiction of the court as to him he must be held to have waived that objection. While jurisdiction of the subject matter cannot be conferred by consent, jurisdiction of the person may be so conferred. *Yates* v. *County Court,* 47 W. Va. 376. In the case of *State* v. *Hudson, Judge;* 95 W. Va. 183, Judge LIVELY very clearly stated the law thus: "If the court has jurisdiction of the subject matter, the parties may voluntarily submit themselves to the jurisdiction to determine a controversy over that subject matter."

"The common law compelled a defendant to select one defense only and abide by it, win or lose, * * *." *Davis* v. *Brown,* 46 W. Va. 716. The old rule required that matter in abatement be pleaded before answering to the merits, else it

was deemed to be waived. *Morton* v. *Sweetster*, 12 Allen (Mass.), 134; Ency. Pl. and Pr., Vol. 12, p. 181; *Douglass* v. *Belcher*, 7 Yerger (Tenn.), 105. But our statute permits a plea in abatement to accompany a plea in bar, though it requires that the plea in abatement shall be first tried. Code, chapter 125, section 21. A plea in abatement for want of jurisdiction must, of course, be filed at rules, as was done in this case. Idem. sec. 16. This Court has held repeatedly, in the light of said section 21, that if a party filing a plea in abatement goes to trial on the merits of the case under plea or pleas in bar, without asking trial on the plea in abatement, he waives the benefit of such plea. *Maupin* v. *Insurance Co.*, 53 W. Va. 557; *Houseman* v. *Fire Insurance Co.*, 78 W. Va. 586; *Wolf* v. *Jordon*, 93 W. Va. 42; *Windom* v. *Boundy*, 94 W. Va. 551.

In the instant case not only did Engle not demand a trial on the plea in abatement in advance of the trial on the merits but he actually opposed such course when the same was requested by the plaintiff, as appears from the above quoted excerpt from the trial court's order.

We are unable to adopt the view of counsel for Engle that the jurisdiction of the court as to said defendant could not be determined until the whole case was developed on its merits before the jury. The real purpose of the special plea was to lay a basis for showing that the plaintiff had no cause of action against the resident defendant Geary and therefore the court was without jurisdiction as to Engle, a resident of another county. It is not apparent to us how the physical facts attendant upon the accident were in any wise material in determining as to the proper or improper joining as a defendant, Geary, the owner of the car, who was not claimed to be present when the accident occurred. The inquiry on a trial on this plea in abatement would have been limited to such questions as, whether at the time of the accident Engle was a member of Geary's family so as to render applicable the *paterfamilias* doctrine, or whether he was a special or general agent for Geary, or whether he was in discharge of the business of Geary when the accident occurred. Thus, on a

comparatively short inquiry the court could have determined whether Geary was a proper party defendant.

Being impelled to the holding above set forth that this case is controlled by statute and prior decisions of this Court, it is not necessary that we discuss the cases from other jurisdictions relied on by counsel for Engle in support of their position that it was the court's duty to dismiss as to said defendant when the jury found no liability upon the resident defendant, Geary.

There will be an order here reversing the action of the trial court in quashing the writ and return as to defendant Engle, in setting aside the verdict as to him, and in dismissing the action as to him. We re-instate the verdict for such action thereon, on the merits, as to the trial court may seem proper.

*Reversed and remanded.*