# CHARLESTON.

Town of Hartford *v.* C. F. Davis

(No. 5912)

Submitted October 8, 1929.    Decided October 15, 1929.

694

*Somerville & Somerville,* for defendant in error.
*Hogg & Hogg,* for plaintiff in error.

MAXWELL, JUDGE:

Upon appeal from a judgment of the Mayor of the Town of Hartford in Mason County upon a warrant, the plaintiff in error was likewise adjudged guilty by the circuit court of said county. To the judgment of the circuit court he prosecutes this writ of error.

The sole accusation of the warrant under which the prosecution is made is that the defendant "on the 24th day of June, 1925, was guilty of reckless driving within the corporate limits of the Town of Hartford, Mason County, West Virginia." Both the mayor and the circuit court overruled the motion of the plaintiff in error to quash the warrant. It appears from the evidence that the specific charge against the defendant was that he was driving an automobile on a street of the said town at a greater rate of speed than fifteen miles per hour, which is the maximum speed limit fixed by ordinance of the said municipality. It is a basic principle of criminal procedure that a warrant must clearly and specifically charge an offense against a definite provision of law whether it be of a municipal ordinance, a statute, or the common law. "Apart from any special statutory or constitutional provision it is generally held that a warrant is insufficient and void if

on its face it fails to contain a charge of any crime or offense known to the law." 2 R. C. L., 459. See also *State* v. *Harr*, 77 W. Va. 637; *State* v. *Emsweller*, 78 W. Va. 214; *State* v. *Harless*, 105 W. Va. 480. This warrant does not charge an offense. "Reckless driving" is not made an offense by the traffic ordinances of the town of Hartford, and even if the ordinance did undertake to specify "reckless driving" as an offense, it would be too general for enforcement, and void for uncertainty. *State* v. *Lantz*, 90 W. Va. 738.

The plaintiff in error by entering a plea of not guilty and standing trial did not waive the benefit of his motion to quash the warrant. The cases cited on behalf of the town in support of the contention that his defense on the merits operated as a waiver of his objections to the sufficiency of the warrant are civil cases declaring, in effect, that a defendant who enters general appearance and goes to trial in a civil action before a justice of the peace, where there is jurisdiction of the subject matter, after his motion to quash the writ has been overruled, thereby waives the defect and submits himself to the jurisdiction. *Layne* v. *Ohio River Ry. Co.*, 35 W. Va. 438; *Kyle* v. *Railroad*, 49 W. Va. 296. That principle, of course, can not be applied to a criminal case wherein a defendant is brought into court against his will and placed on trial. In a civil case he may attend or not. In a criminal action where he is held under a warrant his presence is compelled. If he does not act to defend himself, he thereby jeopardizes his liberty. And again, in the instant case, here was no jurisdiction of the subject matter, because the law recognized no such offense as "reckless driving." Jurisdiction of subject matter cannot be conferred by waiver or consent. *Yates* v. *County Court*, 47 W. Va. 376.

Nor can we justify the contention advanced on behalf of the town that the warrant may be disregarded because the speeding for which the defendant was prosecuted was committed in the presence of the marshall of the town who made the arrest, it appearing that the defendant got away at the time of the commission of the said offense, and thereupon the officer obtained the warrant and made the arrest at a later time when he again found the defendant within the town

limits. The theory relied on here is that, the warrant being disregarded, the defendant was lawfully arrested for an offense committed in the presence of the arresting officer and was then put on trial upon a mere verbal statement or notation on the mayor's docket of the offense charged against him, and that "if the defendant had a fair trial and was fully informed of the charge against him, he has no cause of complaint." It is true that an officer may arrest without a warrant for a breach of the peace committed in his presence if he acts promptly, otherwise he must procure a warrant. 2 R. C. L., 451; *State* v. *Lutz,* 85 W. Va. 330; *State* v. *Long,* 88 W. Va. 669; *State* v. *Brown,* 101 W. Va. 160; *State* v. *Koil,* 103 W. Va. 19; *Mount* v. *Quinlan,* 104 W. Va. 118. In this case, (the exact lapse of time not appearing from the record, but several days having apparently passed between the commission of the alleged offense and the time of arrest), it was indispensable that there be a warrant in order that the defendant might be lawfully arrested, therefore, the theory of informal information of the offense charged is not well taken.

The judgment of the circuit court is reversed and the plaintiff in error is discharged.

*Reversed and rendered.*