STATE OF WEST VIRGINIA, *ex rel.*
CHEMICAL TANK LINES, INC., *a corporation*

*v.*

HONORABLE STAIGE DAVIS, JUDGE OF THE COURT
OF COMMON PLEAS OF KANAWHA COUNTY
WEST VIRGINIA

(No. 10792)

Submitted January 11, 1956. Decided February 21, 1956.

HAYMOND and BROWNING, JUDGES, dissenting.

*J. Campbell Palmer, III, Palmer & Elkins,* for relator.

*D. J. Savage, Goshorn, Goshorn, MacCorkle & Rippetoe,* for respondent.

LOVINS, JUDGE:

On the petition of Chemical Tank Lines, Inc., a corporation, a rule in mandamus was granted in vacation, returnable to the first day of the present term. The purpose of this proceeding is to require the Judge of the Common Pleas Court of Kanawha County to transfer a case now pending in such Court to the Circuit Court of Mason County, West Virginia.

A collision occurred between a motor vehicle owned by the Chemical Tank Lines, Inc., a corporation, driven by Clay Spurlock, a servant of the Chemical Tank Lines, Inc., and an automobile owned and operated by Raymond Ellis. The collision took place on or about the 2nd day of March, 1955, in Mason County, West Virginia.

As a result of the above mentioned collision, three actions at law were instituted, one by Raymond Ellis in the Common Pleas Court of Kanawha County on the 18th day of August, 1955. The defendants in the action

instituted by Raymond Ellis are the Chemical Tank Lines, Inc., a corporation and Clay Spurlock. Raymond Ellis is a resident of Putnam County, West Virginia. Clay Spurlock is likewise a resident of Putnam County.

Another action was instituted by Cyrus Sowards against the Chemical Tank Lines, Inc., a corporation, in the Circuit Court of Putnam County. That action, on motion of the defendant, was transferred to the Circuit Court of Mason County and we are not further concerned with it in this proceeding.

On the 1st day of October, 1955, Chemical Tank Lines, Inc., a corporation, instituted an action against Raymond Ellis. Original and an alias summons were issued by the Clerk of the Circuit Court of Mason County, directed to the Sheriff of that County and returned "Not found in my bailiwick". A pluries summons was issued by the Clerk of the Circuit Court of Mason County and directed to the Sheriff of Putnam County and served on Ellis by that official in Putnam County, West Virginia.

On or about the 29th day of November, 1955, the Chemical Tank Lines, Inc., a corporation, made a special appearance and filed a plea in abatement to the action pending in Kanawha County.

On the calling of the docket of the Common Pleas Court of Kanawha County, the Chemical Tank Lines, Inc., a corporation, appeared specially and contended that the case was not matured until November, 1955 rules. Nevertheless, the Judge of the Common Pleas Court, having been advised of the alleged pendency of an action in the Mason County Circuit Court, overruled a motion to transfer the action pending in the Common Pleas Court of Kanawha County to the Mason County Circuit Court and set the action for trial in the Common Pleas Court for the 28th day of December, 1955. A rule in mandamus was granted as stated above.

The relator contends that under Rule XIII, promulgated by this Court June 22, 1940, reported in 121 W.

Va., pages xxi and xxiii, this action should be transferred to the Circuit Court of Mason County, West Virginia and there consolidated and tried with the litigation therein instituted involving the accident.

The respondent contends that the Circuit Court of Mason County does not have jurisdiction of the action and that Mason County is not the proper venue for such trial.

It is shown in the record that the summons issued in the Kanawha County action has been duly served on the Chemical Tank Lines, Inc., a corporation, service having been accepted by the Auditor of this State acting for the Chemical Tank Lines, Inc., a foreign corporation authorized to do business in this state, and by service on Joe Ridler, a servant of the corporation. It is also shown by the record that the Chemical Tank Lines, Inc., a corporation, is the owner of the real and personal property situate in Kanawha County.

The defendant further contends that the summons issued by the Clerk of the Circuit Court of Mason County has not been properly served on Raymond Ellis, nor is there any likelihood of such summons being properly and legally served on Ellis. The defendant also contended that the suit in Mason County, instituted by the Chemical Tank Lines, Inc., a corporation, is not a pending action.

The issue therefore resolves itself into four questions: (a) Is the action brought by the Chemical Tank Lines, Inc., a corporation against Raymond Ellis in the Circuit Court of Mason County a pending action? (b) Does the Circuit Court of Mason County have jurisdiction of the litigation now pending between Ellis and the Chemical Tank Lines, Inc., a corporation? (c) Is Mason County, West Virginia, the proper venue for the trials of such actions? (d) Does the Chemical Tank Lines, Inc., a corporation, have a clear legal right to compel the transfer of the action now pending in the Common

Pleas Court of Kanawha County to the Circuit Court of Mason County?

It is to be emphasized that the collision which is the foundation of this litigation, occurred in Mason County, West Virginia.

The relator in this proceeding bases its case on the requirements of the procedural rule respecting cross-actions in tort, approved by his Court on the 22nd day of June, 1940. The order adopting the rule contains the following language:

> "* * * the rules appended hereto as a part of this order shall be and constitute rules governing pleading, practice and procedure in each trial court of record in this State pertaining to to * * * (b), cross-actions in tort, * * *".

121 W. Va., xxi. The rule respecting cross-actions in tort, so far as pertinent, reads as follows:

> "In any action at law, when such action is based on negligence, the court shall inquire whether or not another action is pending based on the same occurrence wherein defendant in the first action is plaintiff and plaintiff in the first action is defendant; and, if it appear that such other action is pending in the same court, the court shall order a consolidation of the two actions."

Section 1 (a), 121 W. Va. xxiii.

> "* * * (c) If such actions are pending in different jurisdictions of the state, and if the parties are unable to agree on the court in which the combined actions shall be heard, the said combined actions shall be tried and determined in the circuit court of the county wherein the occurrence took place, provided either action was instituted therein; otherwise, in the circuit court of the county wherein the first action was instituted."

Section 1 (c) 121 W. Va. xxiii.

The foregoing rule was adopted pursuant to Chapter 37, Section 4 of the Acts of the Legislature, 1935,

which is permissive and provides that:

> "The Supreme Court of Appeals may, from time to time, make and promulgate general rules and regulations governing pleading, practice and procedure in such court and in all other courts of record of this state. All statutes relating to pleading, practice and procedure shall have force and effect only as rules of court and shall remain in effect unless and until modified, suspended or annulled by rules promulgated pursuant to the provisions of this section. * * *".

Without passing on the question as to whether the foregoing statute was necessary to authorize this Court to adopt and promulgate such rule, we advert to the holding of this Court in *Teter* v. *George*, 86 W. Va. 454, 103 S. E. 275, where the Court held:

> " Courts have inherent power and authority to prescribe and enforce rules and regulations for the conduct of their business in accordance with established procedure, not inconsistent with organic or statutory law, nor unreasonable, oppressive or obstructive of common right."

*Piano Company* v. *Burgner*, 89 W. Va. 475, 109 S. E. 491; *Kemble* v. *Wiltison, et al.*, 92 W. Va. 32, 114 S. E. 369. See *Wagner* v. *Coal Co.*, 100 W. Va. 117, 130 S. E. 94; 21 M. J., Rules of Court, §1.

We perceive no violation of statutory or organic law, nor is the rule unreasonable, oppressive or obstructive of common right. We are therefore constrained to hold the rule valid and apply it to the facts of this case.

The defendant asserts that the Circuit Court of Mason County does not have jurisdiction, nor is it the proper venue for hearing and determination of the litigation between the Chemical Tank Lines, Inc., a corporation and Raymond Ellis.

Jurisdiction is not procedural, but the constitution of this state gives circuit courts general jurisdiction of similar actions where the amount in controversy, ex-

clusive of interest, exceeds fifty dollars. The amount in controversy in the two actions here pending far exceeds that amount. Jurisdiction of similar cases as is now pending in the Circuit Court of Mason County and the Common Pleas Court of Kanawha County is conferred by the constitution upon the circuit courts. Section 12, Article VIII, Constitution of West Virginia. See *State v. Houchins,* 96 W. Va. 375, 123 S. E. 185; *Colliery Co. v. Ott,* 99 W. Va. 663, 664, 129 S. E. 708.

It may be argued however, that the Circuit Court of Mason County does not have jurisdiction of the person of Raymond Ellis. That is correct if Ellis were in fact a defendant. But he is plaintiff in the Kanawha County action, and upon the transfer of that action from the Common Pleas Court of Kanawha County to the Circuit Court of Mason County, he will remain such plaintiff.

Venue is somewhat different from jurisdiction. Venue is defined in Black's Law Dictionary, Fourth Edition, Page 1727, as:

> "A neighborhood; the neighborhood, place or county in which an injury is declared to have been done, or fact declared to have happened."

Venue designates the county or place in which a court having jurisdiction may properly hear and determine the case. *Smith Corp.* v *Dailey,* 136 W. Va. 380, 67 S. E. 2d 523; *Southern Sand & Gravel Co.* v. *Massaponax S. & G. Corp.* (Va.) 133 S. E. 812. See Burks Pleading and Practice, Second Edition, §175; *Moore* v. *N. & W. Railway Co.,* (Va.) 98 S. E. 636.

In the case of *Arganbright* v. *Good* (Calif. App.) 116 P. 2d 186, the following language appears:

> " 'Jurisdiction implies or imports the power of the court, venue the place of action.' ".

Venue is procedural and statutes relating thereto are so treated. Venue is not a jurisdictional question in a

strict sense of the word. 92 C. J. S., Venue, §75; 56 Am. Jur., Venue, §2 *et seq.*

The argument by the defendant that there is no venue for these actions in Mason County disappears.

The defendant contends that the action brought by the Chemical Tank Lines, Inc., a corporation, is not pending at this time in the Circuit Court of Mason County, since there has been no service of the summons. Certainly the process issuing out of the office of the Clerk of the Circuit Court of Mason County has not been properly served on Raymond Ellis. An action is pending upon the issuance of a writ of summons and does not date from the time of the service of the summons. Code, 56-3-4; Hogg's Pleading and Forms, 4th Ed, Sections 1 and 16; *Lambert* v. *Ensign Mfg. Co.*, 42 W. Va. 813, 815, 26 S. E. 431; *Blowpipe Co.* v. *Spencer*, 46 W. Va. 590, 33 S. E. 342; *The Geiser Mfg. Co.* v. *Chewning*, 52 W. Va. 523, 533, 44 S. E. 193; *Oil and Gas Well Supply Co.* v. *Gartlan and Ahner*, 58 W. Va. 267, 272, 52 S. E. 524. See *McKinley* v. *Queen*, 125 W. Va. 619, 621, 25 S. E. 2d 763, for a discussion of the difference in the issuance of a writ of subpoena commencing a suit in equity and a summons commencing a law action.

True, the action of Raymond Ellis v. Chemical Tank Lines, Inc., a corporation, was commenced first in the Common Pleas Court of Kanawha County, but the occurrence took place in Mason County. The two actions arise out of the same occurrence and come within the plain provisions of the procedural rule. A denial of the application of the procedural rule relating to cross-actions in tort would seem to emasculate the rule which we are not disposed to do. Therefore, we think that the Chemical Tank Lines, Inc., a corporation, is well within its rights in moving for a transfer and a consolidation of the two actions.

The application of the procedural rule here considered is predicated upon good faith in the institution of actions.

The rule will not be invoked when actions are commenced for the purpose of delay or harassment in courts lacking jurisdiction of the person and subject matter.

A peremptory writ of mandamus is awarded requiring the law action of Raymond Ellis v. Chemical Tank Lines, Inc., a corporation, now pending in the Common Pleas Court of Kanawha County, to be transferred to the Circuit Court of Mason County for the purpose of consolidation and trial in such Circuit Court.

*Writ awarded.*

HAYMOND, JUDGE, dissenting:

I do not concur in the decision of the majority in this proceeding. It summarily deprives the Court of Common Pleas of Kanawha County of its power to hear and determine the earlier action of Raymond Ellis v. Chemical Tank Lines, Inc., and Clay Spurlock, of which it had jurisdiction, and requires the judge of that court to transfer it to the Circuit Court of Mason County which before the transfer did not have jurisdiction of that action and does not have and can not acquire jurisdiction of the person of the defendant in the later action of Chemical Tank Lines, Inc., v. Raymond Ellis unless he should be found and served with process in Mason County or he should appear in the circuit court of that county to prosecute his case against Chemical Tank Lines, Inc. Under the holding of the majority Ellis, the plaintiff in the action first instituted, is virtually compelled to appear in the Circuit Court of Mason County to avoid abandonment or indefinite delay in the prosecution of his claim against Chemical Tank Lines, Inc., and Clay Spurlock, the defendants in the action originally instituted against them in the Court of Common Pleas of Kanawha County.

In my opinion the provisions of Rule XIII, relating to the consolidation of cross-actions based on negligence, that "If such actions are pending in different jurisdictions of the State, and if the parties are unable to agree on the court in which the combined actions shall be heard,

the said combined actions shall be tried and determined in the circuit court of the county wherein the occurrence took place, provided either action was instituted therein; otherwise, in the circuit court of the county wherein the first action was instituted." were never intended to deprive a court having jurisdiction of the action first instituted of its authority to try and determine it by requiring its transfer to a court in another county which does not have jurisdiction of the person of the defendant in the second action and can not obtain such jurisdiction by the service outside that county of any process issued by it against such defendant, or to require such defendant, under penalty of abandoning his claim as plaintiff in the first action against the defendants in that action, or permitting a judgment against him by default, to appear to the second action in a court which, while he remains outside its jurisdiction, as he has a substantive legal right to do, is powerless to require his attendance in and before it.

That the Circuit Court of Mason County is without jurisdiction of the defendant, in the second action instituted in that court, until he voluntarily appears to that action or is served in that county with process requiring his appearance, is clear beyond question. Section 2, Article 1, Chapter 56, Code, 1931, relating to venue to the extent here pertinent, provides that: "An action, suit or proceeding may be brought in any county wherein the cause of action, or any part thereof, arose, although none of the defendants reside therein, in the following instances: * * * (b) When the defendant, or if more than one defendant, one or more of the defendants, are served in such county with process or notice commencing such action, suit or proceeding." Ellis, the sole defendant in the second action, not having been served with process in Mason County, the requirement of the foregoing statute to confer venue in that county has not been satisfied and the circuit court is without jurisdiction of the defendant. *Wolfe* v. *Shaw*, 113 W. Va. 735, 169 S. E. 325. In *Danser* v. *Dorr*, 72 W. Va. 430, 78 S. E. 367,

point 2 of the syllabus is in this language: "If a cause of action arises in one county, and the sole defendant resides in another, plaintiff may sue in either. But if he sues where the cause of action arose defendant must be served with process in that county." See also *Jones* v. *Main Island Creek Coal Company,* 84 W. Va. 245, 99 S. E. 462; *Wolfe* v. *Shaw,* 113 W. Va. 735, 169 S. E. 325; *Gunnoe, Admx.* v. *West Virginia Poultry Co-Operative Association,* 115 W. Va. 87, 174 S. E. 691, 93 A. L. R. 944; *Iacuone* v. *Pietranton,* 138 W. Va. 776, 77 S. E. 2d 884; *Staples* v. *Left Fork Fuel Company,* 138 W. Va. 819, 77 S. E. 2d 872.

In *Wolfe* v. *Shaw,* 113 W. Va. 735, 169 S. E. 325, involving venue in Marion County, where the cause of action against one defendant arose, of an action against that defendant and another defendant against whom no cause of action arose in that county, this Court held that service of process in that county upon the other defendant and service of process in another county upon the defendant against whom a cause of action had arisen in Marion County did not confer venue of the action in Marion County and that the circuit court of that county did not have jurisdiction of that defendant and prohibited the further prosecution of the action in that court because of its lack of such jurisdiction. In the recent case of *Crawford* v. *Carson,* 138 W. Va. 852, 78 S. E. 2d 268, 38 A. L. R. 2d 1191, this Court held that venue of an action exists by virtue of law and that when no cause of action arises and venue of an action does not lie in a county the circuit court of that county does not have jurisdiction of such action.

I disagree with the statement in the majority opinion that "Venue is procedural and statutes relating thereto are so treated." It is not a correct statement of the law of this State relating to venue of actions, suits or proceedings and, as to this jurisdiction, it is not supported by 92 C. J. S., Venue, Section 75 and 56 Am. Jur., Venue, Section 2 et seq., cited in the majority opinion.

The pertinent provisions of the text in 92 C. J. S., Venue, Section 75, are in these words: "While there are holdings under certain venue statutes that their requirements are jurisdictional, by the weight of authority, *and by express provision in some jurisdictions,* statutes with respect to venue are merely procedural, and not jurisdictional in the strict sense." (Emphasis supplied). 56 Am. Jur., Venue, Section 2, contains no discussion whatsoever of the question whether statutes relating to venue are procedural or jurisdictional in character.

The above quoted statement in the majority opinion is in direct conflict with the provisions of Section 2, Article 1, Chapter 56, Code, 1931, previously quoted in this dissenting opinion which, with respect to venue of an action, suit or proceeding in the county in which the cause of action or a part of it arose, expressly require the service, in that county, upon the defendant who does not reside in such county, or upon one such defendant if there be more than one, of the process or the notice commencing such action, suit or proceeding. The quoted statement is also entirely inconsistent with point 2 of the syllabus in *Danser* v. *Dorr*, 72 W. Va. 430, 78 S. E. 367, also previously quoted, that if the plaintiff sues in the county where the cause of action arose and the sole defendant is a resident of another county, such defendant must be served with process in the county in which the action is instituted to enable the court in that county to acquire jurisdiction of the person of such defendant. And finally the quoted statement in the majority opinion is expressly and completely contrary to the holding of this Court in point 2 of the syllabus, of the recent case of *Crawford* v. *Carson*, 138 W. Va. 852, 78 S. E. 2d 268, that "Venue of an action exists by virtue of law.", which to me means clearly that venue is created by statute in this State and that the statute, which provides for venue of an action in the county in which the cause of action arose and requires a sole defendant to be served with process or notice in that county when he resides in another county to enable the court to acquire jurisdiction

of the person of such defendant, is an enactment of substantive law and is not procedural in character.

Jurisdiction consists of two elements. One of these elements is jurisdiction of the subject matter and the other is jurisdiction of the person. *Sidney C. Smith Corporation* v. *Dailey, Judge,* 136 W. Va. 380, 67 S. E. 2d 523. Jurisdiction of the subject matter must exist as a matter of law. *Sidney C. Smith Corporation* v. *Dailey, Judge,* 136 W. Va. 380, 67 S. E. 2d 523; *Hustead* v. *Boggess,* 122 W. Va. 493, 12 S. E. 2d 514; *Hartford* v. *Davis,* 107 W. Va. 693, 150 S. E. 141; *Yates* v. *Taylor County Court,* 47 W. Va. 376, 35 S. E. 24. Jurisdiction of the person may be conferred by the consent of the parties or the lack of such jurisdiction may be waived. *Sidney C. Smith Corporation* v. *Dailey, Judge,* 136 W. Va. 380, 67 S. E. 2d 523; *Hall, Admr.* v. *The Ocean Accident and Guarantee Corporation, Ltd.,* 122 W. Va. 188, 9 S. E. 2d 45; *Anderson* v. *Anderson,* 121 W. Va. 103, 1 S. E. 2d 884; *Robinson* v. *Engle,* 107 W. Va. 598, 149 S. E. 836; *State ex rel. Brannon* v. *Hudson, Judge,* 95 W. Va. 183, 120 S. E. 921; *Yates* v. *Taylor County Court,* 47 W. Va. 376, 35 S. E. 24.

There is a distinction between jurisdiction and venue and the two terms are not synonymous. Jurisdiction is the inherent power to decide a case. Venue designates the particular county in which a court having jurisdiction may, in the first instance, properly hear and determine a case. *Sidney C. Smith Corporation* v. *Dailey, Judge,* 136 W. Va. 380, 67 S. E. 2d 523. But notwithstanding this distinction a court in a county in which venue of an action does not lie does not acquire jurisdiction of the defendant in such action. *Wolfe* v. *Shaw,* 113 W. Va. 735, 169 S. E. 325; *Crawford* v. *Carson,* 138 W. Va. 852, 78 S. E. 2d 268.

If Rule XIII is properly applied I agree with the conclusion expressed in the majority opinion that the rule is a valid exercise of the power of this Court to prescribe, promulgate and enforce rules and regulations governing

pleading, practice and procedure in this Court and other courts of record in this State. But it must ever be kept in mind that this rule making power, whether inherent or conferred by Section 4, Article 1, Chapter 51, Code, 1931, as amended by Section 4, Chapter 37, Acts of the Legislature, Regular Session, 1935, a matter which need not now be considered or discussed, in its exercise must be limited to matters of procedure, must not be unreasonable, oppressive, or obstructive of common right, and must not be inconsistent with organic or statutory law, or impair or destroy substantial rights created or conferred by positive law. *Teter* v. *George,* 86 W. Va. 454, 103 S. E. 275; *Star Piano Company* v. *Burgner,* 89 W. Va. 475, 109 S. E. 491; *Citizens National Bank* v. *Dixon,* 94 W. Va. 21, 117 S. E. 685; *Wagner* v. *Edgington Coal Company,* 100 W. Va. 117, 130 S. E. 94. When a rule of court deprives a litigant of a substantial right the rule will not be enforced. *Kemble* v. *Wiltison,* 92 W. Va. 32, 114 S. E. 369. A rule of court which contravenes organic or statutory law is void. *Teter* v. *George,* 86 W. Va. 454, 103 S. E. 275; *Ex Parte Doyle,* 62 W. Va. 280, 57 S. E. 824; *Suckley's Adm'r* v. *Rotchford,* 12 Gratt. 60, 65 Am. Dec. 240; *State ex rel. Plummer* v. *Gideon,* 119 Mo. 94, 24 S. W. 748, 41 Am. St. Rep. 634.

I can not sanction or approve the application, by the majority, of the pertinent provisions of Rule XIII to the undisputed facts of this case. A proper application of the rule would require the denial of the writ in this proceeding. By its misapplication of the rule the majority causes it to contravene statutory law, makes it operate unreasonably, and gives it the effect of impairing substantial legal rights of Ellis in his status of plaintiff in the first action and of defendant in the second action. As stated in *Crawford* v. *Carson,* 138 W. Va. 852, 78 S. E. 2d 268, venue of an action exists by virtue of law. Under Section 1, Article 1, Chapter 56, Code, 1931, a statute relating to and providing for venue of actions, suits and proceedings, Ellis, as the plaintiff in the first action, has a substantial legal right to institute

and prosecute that action in Kanawha County where, by virtue of paragraph (b) of Section 1 of the statute, venue of the action lies and the court of common pleas of that county has jurisdiction of the subject matter of the action and jurisdiction of the person of the parties to the action. By virtue of paragraph (b), Section 2, Article 1, Chapter 56, Code, 1931, which places venue of an action, suit or proceeding in the county in which the cause of action, or any part of it, arose, although none of the defendants resides in such county, when the defendant or one or more of the defendants, if there be more than one defendant, is served in such county with process or notice commencing such action, suit or proceeding, Ellis, as the defendant in the second action, has a substantial legal right to remain outside Mason County, in which the second action has been instituted, for the purpose of avoiding service of process, in that action, upon him in that county.

By its summary and unwarranted misapplication of the rule, which renders it invalid because both unreasonable and in contravention of the foregoing provisions of Sections 1 and 2, Article 1, Chapter 56, Code, 1931, the majority has impaired and in effect has destroyed the right of Ellis, as the plaintiff in the first action, to prosecute it in the Court of Common Pleas of Kanawha County and his right, as the defendant in the second action, to stay out of Mason County for the purpose of avoiding service of process upon him in that county. Both of these rights are substantial. Each of them is conferred upon him by statutory law and he should not be deprived, by the misapplication of a rule of court, of his exercise or enjoyment of either of such rights. I know of no other decision of this Court which accomplishes that result; and the holding of the majority in this proceeding to that effect is not supported by any cited text book or case authority and is not justified by any sound principle of law or logic.

The validity of the rule, as applied by the majority in this proceeding, is not sustained by *Teter* v. *George,* 86

W. Va. 454, 103 S. E. 275; *Star Piano Company* v. *Burgner,* 89 W. Va. 475, 109 S. E. 491; and *Kemble* v. *Wiltison,* 92 W. Va. 32, 114 S. E. 369, cited in the majority opinion to support the authority of this Court to adopt and promulgate the rule. The quotation of point 2 of the syllabus in the *Teter* case incorporated in the majority opinion that "Courts have inherent power and authority to prescribe and enforce rules and regulations for the conduct of their business in accordance with established procedure, not inconsistent with organic or statutory law, nor unreasonable, oppressive or obstructive of common right.", and the holding in the *Star Piano Company* and *Kemble* cases show clearly that a rule of court regulating procedure, which is reasonable and not oppressive, obstructive of common right, or inconsistent with organic or statutory law, is valid and enforceable but that a rule of court governing procedure, which is unreasonable, oppressive, obstructive of common right, or inconsistent with organic or statutory law, is void and unenforceable. See *Kemble* v. *Wiltison,* 92 W. Va. 32, 114 S. E. 369; *Ex Parte Doyle,* 62 W. Va. 280, 57 S. E. 824; *Suckly's Adm'r.* v. *Rotchford,* 12 Gratt. 60, 65 Am. Dec. 240; *State ex rel. Plummer* v. *Gideon,* 119 Mo. 94, 24 S. W. 748, 41 Am. St. Rep. 634. As the misapplication of the rule by the majority of this Court renders it unreasonable, obstructive of the common right of Ellis as a party to each action, and inconsistent with the statutory law relating to venue, it should not be given the force and effect attached to it by the decision of the majority of this Court.

Though this Court has held in *Lambert* v. *Ensign Manufacturing Company,* 42 W. Va. 813, 26 S. E. 431; *United States Blowpipe Company* v. *Spencer,* 46 W. Va. 590, 33 S. E. 342; *The Geiser Manufacturing Company* v. *Chewning,* 52 W. Va. 523, 44 S. E. 193; and *Oil and Gas Well Supply Company* v. *Gartlan,* 58 W. Va. 267, 52 S. E. 524, cited in the majority opinion, and in numerous cases, that the date of the issuance of the original summons fixes the date of the commencement of a suit or an action

and that when instituted by the issuance of process the suit or the action is pending, and though paragraph (c) of the rule contains the words "actions are pending" and other portions of the rule contain the expressions "action is pending", "pending action" and "action pending", in my opinion those words in various paragraphs of Rule XIII were not intended to mean that the mere commencement or institution of a cross-action based on negligence in a court which does not have and can not acquire jurisdiction of the person of a sole defendant by service of process or notice upon such defendant in a county of which he is not a resident, but in which the cause of action arose, is a pending action, or that the use of those words in the rule renders it applicable and authorizes the transfer of another previously instituted action between the same parties and involving the same tort from a court of another county, having jurisdiction of the subject matter and the parties, to the court of the county in which the cause of action arose and the consolidation for trial of both actions in that court. To give the above quoted words such construction or application would render the rule invalid and unenforceable and it should not be construed or applied to produce that result. The provisions of paragraph (c) of the rule that the combined actions should be tried and determined in the circuit court of the county in which the occurrence took place were intended to apply only if and when the circuit court of the county in which the cause of action arose has jurisdiction of the defendant in the cross-action instituted in that court. In the *Lambert* and *United States Blowpipe Company* cases the question involved was whether the action or the suit had been commenced before the particular statute of limitations had become operative; in *The Geiser Manufacturing Company* case the question of the relative priority of liens of creditors depended upon the time at which each of them instituted suit was considered; and in the *Oil and Gas Well Supply Company* case the question involved was whether an attachment against defendants obtained after the issuance of the original summons in an action

of assumpsit was valid. In each of those cases this Court held that the issuance of the original summons is the commencement of the particular action or suit. In none of them was the question of interpreting the words "pending action" or their equivalent in any written instrument presented or considered; and for this reason those cases are not controlling upon the question of the meaning or the effect of the above quoted words or their equivalent as used in the various provisions of Rule XIII.

In short if properly applied the rule is valid. It applies when each of the actions has been properly instituted in a court having jurisdiction of the subject matter and the parties in a county where venue of the action exists but not, as here, when the second action has been instituted in a court of a county in which venue of that action does not exist and the court does not have, and can not by service of its process in the usual way acquire, jurisdiction of the sole defendant.

The majority appears to have reached its conclusion to award the writ in this proceeding on the theory that "A denial of the application of the precedural rule relating to cross-actions in tort would seem to emasculate the rule which we are not disposed to do." As heretofore indicated, the rule, if properly applied, is valid and its proper application would preserve its validity. If, however, misapplication of the rule is necessary to save it from emasculation, and that is the only alternative, I prefer its emasculation instead of giving it the effect of contravening and superseding express provisions of valid statutory law.

This Court has held in many cases that before the petitioner is entitled to the writ in mandamus he must show a clear legal right to the relief which he seeks. *Gibson* v. *Bower*, 137 W. Va. 462, 73 S. E. 2d 817; *State ex rel. Daily Gazette Company* v. *The County Court of Kanawha County*, 137 W. Va. 127, 70 S. E. 2d 260; *State ex rel. Payne* v. *Board of Education of Jefferson Coun-*

*ty,* 135 W. Va. 349, 63 S. E. 2d 579; *State ex rel. Conley* v. *Pennybacker,* 131 W. Va. 442, 48 S. E. 2d 9; *State ex rel. Koontz* v. *The Board of Park Commissioners of the City of Huntington,* 131 W. Va. 417, 47 S. E. 2d 689; *Goloversic* v. *Arnold,* 128 W. Va. 272, 36 S. E. 2d 209; *Childers* v. *State Road Commissioner,* 124 W. Va. 233, 19 S. E. 2d 611; *Ebbert* v. *Bouchelle,* 123 W. Va. 265, 14 S. E. 2d 614; *Brumfield* v. *Board of Education,* 121 W. Va. 725, 6 S. E. 2d 238; *Rusinko* v. *Shipman,* 111 W. Va. 402, 162 S. E. 316. As the petitioner has failed to show a clear legal right to a writ in this proceeding, but instead shows that it has no right whatsoever to such writ, it should not be given that relief.

For the reasons stated and under the authorities cited in this dissent I would deny the writ in this proceeding.

I am authorized to state that Judge Browning concurs in the views expressed in this dissenting opinion.