# CHARLESTON.

### GIVEN v. DIAMOND SHOE & GARMENT COMPANY

### Submitted September 23, 1919.  Decided September 30, 1919.

1. EXCEPTIONS, BILL OF—*Bill Signed Thirty Days from Close of Term Not Considered.*

    A bill of exceptions signed after thirty days from the close of the term of final judgment, though signed by the trial judge and certified, constitutes no part of the record and cannot be considered on a writ of error. (p. 633).

2. TRIAL—*Instructions for Plaintiff Not Erroneous for Ignoring Defendant's Theory.*

    An instruction to the jury based on a theory supported by evidence which would entitle the plaintiff to recover regardless of some distinct and independent theory of the defendant also supported by some evidence, is not erroneous for ignoring such theory of the defendant. (p. 634).

3. NEW TRIAL—*Remarks of Counsel in Argument, Not Objected to at the Time, Waived.*

    Remarks of counsel in an argument to the jury, regarded as improper and harmful to the opposite party, should be at once

objected to, and the trial court given an opportunity to rule on the objection, and if possible counteract the effect thereof upon the minds of the jury, else the error will be regarded as waived, if afterwards urged as ground for setting aside the verdict and for a new trial. (p. 636).

4. APPEAL AND ERROR—*Judgment Not Reversed for Excessive Damages, Unless Prejudice Shown.*

In actions for personal injuries the amount of the damages is peculiarly within the province of the jury, and unless the amount found is so great or so small as to evince passion, prejudice, partiality or corruption, or some mistaken view of the law, on the part of the jury, its verdict may not rightfully be disturbed. (p. 637).

Error to Circuit Court, Kanawha County.

Action by Robert A. Given against the Diamond Shoe & Garment Company. Verdict and judgment for plaintiff, and defendant brings error.

*Affirmed.*

*M. M. Robertson* and *W. E. R. Byrne,* for defendant in error.

*A. M. Belcher,* for plaintiff in error.

MILLER, PRESIDENT:

For well known reasons we at once put out of view and away from further consideration two supplimental records certified by the circuit court since this case was originally docketed here, on March 27, 1919. The first of these purports to have been made up on July 3, 1919, by a so-called nunc pro tunc order, whereby the court over plaintiff's objection undertook to sign and seal and make part of the record as of February 13, 1919, what is identified as defendant's bill of exceptions number five. It was not found by the court that any such order had been directed on February 13, 1919, and inadvertently omitted from the record, but only that defendant was entitled to have the instructions given and refused made a part of the record and certified by the court. The bill of exceptions so identified as number five certifies that it was made to appear not that these instructions had at any time 'prior to that time been made a

part of the record, but that through the inadvertence of counsel for defendant they had not theretofore been made a part of the record, and for that reason the court undertook then to certify them as part of the record.

The second supplemental record consists of certain instructions to the jury, styled in the case numbered from 1 to 4 inclusive, accompanied by the certificate of the clerk of the circuit court, dated September 15, 1919, to be true copies of the instructions given on behalf of the plaintiff, and to which is also attached the certificate of the circuit judge, of the same date, identifying them as the four instructions given at the instance of plaintiff over the objection of the defendant, but not undertaking to give them the status of a bill of exceptions. The final judgment was entered January 17, 1919; the order making up and filing defendant's original bills of exceptions was actually entered on the record March 19, 1919, but by memorandum thereto, it was entered nunc pro tunc as of February 12, 1919, the date said bills of exceptions were presented to the court, signed and sealed and saved to the defendant.

We take judicial notice that between the date of the final judgment and the orders purporting to make up the new bills of exceptions, the February term 1919 intervened, and that the thirty days given from the adjournment of the preceding term at which the final judgment was entered, to make up and have certified bills of exceptions, had long since elapsed, and that the court was thereafter without jurisdiction to amend or to add to the record by signing new or additional bills of exceptions. A bill of exceptions signed after thirty days from the close of the term of final judgment is no part of the record and cannot be considered. Section 9, chapter 131, Code 1913, and notes. *Jordan* v. *Jordan,* 48 W. Va. 600. In Virginia it was held that even consent to an extention of time longer than thirty days, not entered of record at the time, cannot be shown by a nunc pro tunc order. *Ratliff* v. *Meadows,* 116 Va. 975. At the end of the thirty days prescribed by our statute the record is closed and cannot be thereafter opened to let in addi-

tional matter. So we must decline to consider the supplemental records.

This action by plaintiff was to recover damages for personal injuries sustained by being struck by defendant's automobile or delivery truck in charge of its servant, the result of his alleged negligence and reckless driving. On the trial upon the issue joined on defendant's plea of not guilty, the plaintiff obtained a verdict and judgment for $3,333.33⅓, an amount which at once attracts our attention, and invites some speculation as to how the jury arrived at this particular sum. There was evidence that defendant carried a policy of accident insurance for $10,000.00. The verdict of the jury is exactly one-third of that sum. But the manner in which the jury arrived at the amount of the verdict is perhaps not a proper subject of inquiry.

The first and second points of error assigned and relied on to reverse the judgment, both involving the sufficiency of the evidence to justify the verdict, are, (1) that the court should have sustained defendant's motion to strike out the plaintiff's evidence, and (2) that at the close of the evidence the court should have sustained defendant's motion to direct a verdict in its favor. These points are urged with considerable vigor by counsel for defendant. His position is that the physical facts overcome all the theories and claims of plaintiff that he was injured at the place and in the way he and some of his witnesses swore. The plaintiff's evidence is that he was standing on the sidewalk on Kanawha Street, Charleston, in the vicinity of the court house, engaged in conversation with his witness Moore, both safely within the curb line, near a telephone pole, the plaintiff with his left hand resting against the pole, and a yard stick in his right hand which he used in tapping the pole, and that Moore stood facing him on the opposite side of the pole. There is much evidence to show that these were the relative positions of the two men on the sidewalk. The theory of defendant is that plaintiff was standing in the street opposite the telephone pole, not at a street crossing, but about midway in the block, where he had no right to be, and that if he was standing wholly on the sidewalk as he claims, he could not have thus sustained his

injuries. On this theory the evidence shows that defendant's delivery truck was in charge of a boy under sixteen years of age and that accompanying him were two other boys of about the same age, and some witnesses say the machine was being driven at a high rate of speed; the boys testified that they were going at about twelve miles an hour; that there was a large hole on the opposite side of the street, some twenty-seven or twenty-eight feet below the telephone pole where plaintiff was standing, and that when the wheels of the truck dropped into this hole, the truck whirled around and skidded across the street striking the pole and the plaintiff doing him the injury of which he complains. The jury had a perfect right to conclude from the evidence that the boy was guilty of reckless driving, regardless of the size of the hole in the street, the passing of another truck on the other side of the street crowded him, as he testified, in between that truck and another truck parked below the pole. But the theory of defendant's counsel is that as the evidence tended to show that the wheels of the truck never left the street before or after it struck the pole, the plaintiff if standing where he claims he was could not possibly have been caught by any part of the machine and pinioned between it and the pole as he claimed. But much evidence tends to show that plaintiff was where he swore he was at the instant he was struck; that when the machine skidded around and struck the pole, it was driven up the pole, and that plaintiff was caught by the fender over the front wheel and dragged down almost to the sidewalk, and was bruised about the body, and that three of the ribs on his left side were broken, and as some of the evidence tends to show, that he sustained permanent injuries. We cannot detail all the evidence but we have gone over it carfully, and we cannot say that the physicial facts overcame the plaintiff's evidence and certainly to impute to him contributory negligence barring recovery. And we cannot concur with counsel that the court erred in denying his motion to strike and direct a verdict.

The next complaint is that the court refused defendant's instructions one, seven, eight, nine and ten. The first directed a verdict for the defendant, which was properly refus-

ed. We have examined the other instructions carefully and find them propounding propositions which if good in law are inapplicable, and we think it unnecessary to cumber the opinion with a further discussion of them.

The next complaint is as to the giving of plaintiff's instructions numbered one, two and three. Number three, if given, is not found in any part of the record which we can consider. The only instructions of plaintiff found in the record are numbers one and two. The complaint of number one is that it ignores defendant's theory of contributory negligence and unavoidable accident. There is nothing in the record to justify the theory that the accident was unavoidable. The instruction is predicated on the theory that the plaintiff was on the sidewalk out of the way of trucks and other vehicles, and tells the jury that if they find from the evidence that he was in that position, and that defendant's truck was carelessly, negligently and recklessly driven against the telephone pole and against the plaintiff, doing him the injury complained of, they should find for plaintiff such damages as they might find from the evidence he was entitled to. Instruction number two takes care of defendant's theory of contributory negligence and, we think, correctly propounds the law of the case presented by the evidence.

Lastly, it is objected that the court should have set aside the verdict and awarded defendant a new trial, based on the only grounds we can consider; (1) improper remarks of plaintiff's counsel in his argument; (2) insufficiency of the evidence; (3) excessiveness of the verdict. As to the first ground it was not presented by any exception to the argument made at the time it was being presented to the jury; if made as represented, the court was not called upon or given an opportunity to make a ruling thereon. Not until after verdict and upon the motion of defendant for a new trial was the point made based upon the affidavit of a bystander, who swears that the objectionable matter was: "Gentlemen of the jury, the defendants in this case had prepared for just such an event as this by having their car insured to cover a damage of $10,000.00. Now what difference does it make to you gentlemen whether this ten

thousand dollars is paid by the insurance company or by the Diamond Shoe and Garment Company. They were prepared for this accident and expected it and I believe that you gentlemen will allow the plaintiff the full amount the defendant had expected to pay, which was ten thousand dollars." if such remarks were made, of. course they were highly objectionable and prejudical, but counsel to whom this speech was attributed, in a counter affidavit positively denied that he made any such statement, in substance or effect, or of similar import or meaning. Both affidavits were before the trial judge presumably present at the argument, and the motion for a new trial based thereon was overruled. If counsel in argument indulges in improper remarks, objection thereto, if relied on, should be made to the court at once, and the court given an opportunity to rule thereon, and to counteract the effect thereof upon the jury, if possible. Otherwise the error will be regarded as waived, and should as a general rule not afterwards be regarded on a motion for a new trial. 4 Am. & Eng. Enc. L. & P. 450; *State* v. *Huff,* 80 W. Va. 468; *State* v. *Alie,* 82 W. Va., 601, 96 S. E. 1011; *Roberts* v. *United Fuel Gas Co.,* 84 W. Va. 368, 99 S. E. 549.

The second ground alleged, insufficiency of the evidence, we have already disposed of.

The third and last ground, excessiveness of the verdict, we confess, gives us some pause. We do not hesitate to say that if we had been on the jury, we would not have rendered such a verdict. There was little evidence of permanent injury. Plaintiff was out of the hospital in less than a week; and while he is shown to have suffered considerably for a month or more, and perhaps afterwards from numbness in his legs, we do not think that the evidence shows he sustained any such injuries such as a verdict and judgment like this when collected will not shortly afterwards completely cure. However, we are not permitted to invade the rightful province of the jury. In actions for personal injuries there is no legal measure of damages, and the amount is always regarded as peculiarly within the province of the jury. By a long line of decisions in Virginia and in this State collected in 4 Enc. Dig. Va. & W. Va., Rep. 204, our juris-

diction to disturb verdicts on the question of the quantum of damages is limited to cases where the amount is so great as to evidence prejudice, partiality, passion or corruption on the part of the jury or to show that they were misled by some mistaken view of the case. Acting within this rule we cannot say that the verdict and judgment contain reversible error.

Our opinion is to affirm the judgment.

*Affirmed.*