# CHARLESTON.

STAR PIANO COMPANY *v.* C. C. BURGNER.

Submitted November 1, 1921.    Decided November 8, 1921.

1. JUDGMENT—*Default Judgment May Not be Set Aside After Adjournment of Term Except for Errors Appearing Upon the Record.*

   A default judgment may not be set aside under the provisions of section 5 of chapter 134 of the Code, after the adjournment of the term at which it is rendered, except for errors appearing upon the record.    (p. 478).

2. COURTS—*Have Inherent Power to Establish Reasonable Rules for Conducting Business.*

   Courts have inherent power to establish reasonable rules for the conduct of their business not inconsistent with organic or statutory law.    (p. 479).

3. SAME—*Rules Have the Effect of Law as to Proceedings.*

   Rules adopted by a court not in excess of its authority have the effect of law as to proceedings conducted in such court.    (p. 479).

4. JUDGMENT—*Judgment Rendered in Violation of Valid Court Rule Should be Set Aside on Motion of Party Injured.*

   Where a court has adopted valid rules for the conduct of its business, litigants may rely upon the court conducting its proceedings in conformity with such rules, and a judgment rendered in violation of a valid rule is properly set aside upon motion of the party injuriously affected thereby.    (p. 479).

5. COURTS—*Interpretation of Rule by Court Promulgating it Will be Followed by Supreme Court.*

   The interpretation placed upon a rule by the court adopt-

ing and promulgating it will be followed by this Court, unless such construction is in violation of the plain terms of the rule, or of some organic or statutory law. (p. 480).

6. TRIAL—*Where Court Rule Provides for Trial Calendar it is Error to Try Case Not Placed Thereon, Without Parties' Agreement.*

A rule of court providing that the clerk of the court shall, before each regular term, make up a "Trial Calendar Docket," upon which shall be placed all cases expected to be tried at the term; and further providing that the parties or their counsel desiring a case to be tried shall give notice to the clerk thereof, and that only cases in which such notice is given shall be placed upon such Trial Calendar, and that all other cases shall stand continued, is a reasonable and proper rule for the orderly conduct of the business of the court, and it is error for the court to proceed with the trial of a case not so placed upon such Trial Calendar, without the agreement of the parties thereto. (p. 479).

7. JUDGMENT—*Court's Rules are Part of the Record of Every Case in Which a Default Judgment is Rendered.*

Rules adopted and promulgated by a court within the limit of its powers are a part of the record of every case in which a default judgment is rendered in such court. (p. 479).

8. SAME—*Court Dockets are Part of Record of Every Case of Default Judgment.*

The dockets of a court are a part of the record of every case in which a default judgment is rendered in such court during the terms for which such dockets are made. (p. 479).

9. PLEADING—*Where Affidavit is Filed with Declaration, and Writ of Inquiry of Damages is Necessary, Office Judgment at Rules Does Not Bar Answer.*

In an action of assumpsit, where an affidavit is filed with the declaration as provided by law, but in which it is necessary to execute a writ of inquiry of damages, the office judgment entered at rules does not become final on the last day of the next succeeding term so as to thereafter bar defense to the action. In such case, defense may be made thereto at any time before the writ of inquiry of damages is properly executed. (p. 481).

Error to Circuit Court, Kanawha County.

Action by the Star Piano Company against C. C. Burgner,

Default judgment for plaintiff, and from a judgment setting the same aside, the plaintiff brings error.

*Affirmed.*

*W. E. R. Byrne* and *John H. Linn,* for plaintiff in error.
*Barnhart, Horan & Pettigrew,* for defendant in error.

RITZ, PRESIDENT:

By this writ of error reversal is sought of a judgment of the court below setting aside a default judgment in favor of the plaintiff against the defendant, upon motion, under the provisions of section 5 of chapter 134 of the Code.

The plaintiff instituted its action of assumpsit in the Court of Common Pleas of Kanawha County, returnable to March Rules, 1920. Process was duly served upon the defendant returnable at that time. At April Rules, 1920, the declaration, together with an account and affidavit, was filed, and the case was upon the court's docket for the May term, 1920. No proceedings, however, were had therein at that term. The case was likewise upon the regular docket of the court at the September term, 1920, but no proceedings were then had therein. A special term of the court was called to begin on the 29th of November, 1920. The proclamation calling the same recited that inasmuch as the last term of the court had adjourned without dispatching all of the business, a special term was called at which no grand or petit jury would be required. At this special term the plaintiff called up its case and, there being no appearance by the defendant, waived a jury for the execution of the writ of inquiry, had the same executed by the court, and the default judgment complained of rendered. After the adjournment of this special term an execution was sued out on the judgment, and the sheriff proceeded to levy the same upon the property of the defendant, who thereupon gave notice that he would, on the 5th day of March, 1921, move the court to vacate said default judgment upon the ground, among others, that the said cause was not regularly upon the docket of the court for trial. This motion was heard by the Court of Common Pleas, and an order entered vacating the default judgment and placing the cause

on the court's docket for trial. The plaintiff prosecuted a writ of error to the Circuit Court of Kanawha County, which court affirmed the judgment of the lower court, and this writ of error is prosecuted to that judgment.

The ground upon which the judgment was vacated is that the Court of Common Pleas entered the default judgment in violation of one of its rules which the said court held to be error appearing upon the face of its record, for which the judgment should be set aside under the provision of section 5, chapter 134 of the Code. This rule of the court which it is contended was violated in the rendition of this judgment provides that the clerk of the court shall make up for each term thereof a "Trial Calendar Docket" upon which shall be placed all cases which are expected to be tried at the term, and that parties litigant desiring their cases tried at any term shall notify the clerk of such intention fifteen days before the term so that the same may be placed upon this "Trial Calendar Docket;" that in case no such notice is given by either party to a suit the case will stand continued at that term. This case was not upon this "Trial Calendar Docket" at the special term at which the judgment was rendered, but this is, perhaps, not conclusive, in view of the fact that this special term was called to complete the work of the last regular term. The case, however, was not on the "Trial Calendar Docket" at any term of court prior to the rendition of the judgment, and the defendant contends that he had a right to rely upon the court's rule that the same would stand continued. The plaintiff insists that this rule, of the court is invalid because it is not a reasonable or proper rule, and violates the provisions of the statute; that even if it is a proper rule, it has no application to this case; further that it was no part of the record at the time the court below vacated the default judgment, wherefore it could not be considered upon that motion; and further that the court should not have set aside the judgment for the reason that the defendant can make no defense to the suit at this time inasmuch as an affidavit was filed with the declaration and no counter affidavit or plea was filed at the first term of court thereafter, for

which reason the defendant is now barred from making any defense to the suit.

It is, of course, very well settled that a default judgment can only be set aside after the adjournment of the term at which it is rendered for error appearing upon the record as the same stood at that time. If extraneous matters are relied upon as the basis for relief against a judgment, it must be attacked by an independent suit for the purpose of setting it aside. *Helms* v. *Greenbrier Valley Cold Storage Co.,* 65 W. Va. 203.

This brings us to a consideration of the question, whether or not the court's rules and its docket are a part of the record of this case. It is very well established that a court has inherent power to make rules for the orderly conduct of its business, so long as such rules are not oppressive or unreasonable, and violate no provision of law. *Teter* v. *George,* 86 W. Va. 454. When such rules are adopted and promulgated they are the law controlling proceedings in that court. They become binding upon the litigants, as well as upon the court in the conduct of its proceedings. 7 R. C. L. title "Courts" section 54; *Gist & Scott* v. *Drakely,* 2 Gill 330, 41 Am. Dec. 426; *Dunbar* v. *Conway,* 11 Gill & J. 92; *Wall* v. *Wall,* 2 Harris & Gill 79; *McDonald* v. *The State,* 172 Ind. 393, 88 N. E. 673, 139 Am. St. Rep. 383. This being the effect of a valid court rule, it follows, of course, that every such rule is a part of the record of every case tried in the court promulgating it, and must be observed by the court in the conduct of its business just as a general statute enacted by the legislature for the conduct of its business must be complied with. *Goodwin* v. *Bickford,* 20 Okla. 91, 93 Pac. 548, 129 Am. St. Rep. 729; *Walla Walla Printing & Publishing Co.* v. *Budd,* 5 Pac. 602.

Is the rule relied upon a reasonable and proper rule, and one which the court had the authority to adopt for the conduct of its business? It will be observed that section 1 of chapter 131 of the Code provides that certain dockets shall be made up by the clerk before the beginning of each term of the court; and it further provides that the clerk shall, under the control of the court, set the cases for trial on certain days during the term. Apparently this rule was

adopted for the purpose of furnishing to the clerk and to the court information upon which intelligent action might be had in setting the cases for trial. It does not violate the provisions of any statute, nor deprive a party of any right, but is simply a method adopted by the court for securing the information necessary to an intelligent administration of the law. Without this rule the court would have to assume that every case upon its docket would be tried at the term, and proceed to set the cases for trial with that view. This would result in the court being idle a large part of the time, for the reason that it is well known that many of the cases upon the court's docket which are in such a position that they might be tried are not tried. It was to avoid just such a condition as this that the rule was promulgated, and we can see that it is a very salutary one. Instead of being in violation of any positive law, it is a substantial aid to the court in the execution of the positive command of the statute.

But it is said that this rule does not apply to the case we have here; that it only applies to those cases in which issue has been joined. The rule itself does not so limit its application. The court below has interpreted the rule as applying to this case, and this construction will be adopted by this court unless the same is in conflict with the positive terms of the rule or some positive rule of law. *Teter* v. *George*, 86 W. Va. 454.

The plaintiff complains also of the action of the Common Pleas Court in entering what is termed a *nunc pro tunc* order. The first order entered by the Common Pleas Court vacating the judgment stated as the reason therefor that the case was not properly upon the docket at the time the judgment was rendered. Later the court concluded that this was not an accurate statement, and entered an order reciting that by inadvertence the real reason had not been stated in the former order, and stated fully the ground upon which the judgment was set aside as above indicated, and recited in this order the rule relied upon, as well as the fact that the case had never been placed upon the trial calendar. This order was not strictly speaking a *nunc pro tunc* order at all, but it was an order entered for the purpose of correcting a clerical in-

advertence which the court always has the power to do.   Sec. 1, chapter 134, Code.

The further ground relied upon by the plaintiff for reversal of the judgment, that the defendant could not at the time the default judgment was set aside, make any defense because he had filed no counter affidavit or plea at the first term that the case was on the court docket, is likewise without merit.   In this case a writ of inquiry of damages had to be executed and, according to our holdings, in that event, the defendant may file a counter affidavit and plead to issue at any time before the writ of inquiry is properly executed.   *Philip Cary Manufacturing Co.* v. *Watson,* 58 W. Va. 189; *Federation Window Glass Co.* v. *Cameron Window Glass Co.,* 58 W. Va. 477; *Wilson* v. *Shrader,* 73 W. Va. 105; *Rosencrance* v. *Kelley,* 74 W. Va. 100.

We are, therefore, of opinion that the Court of Common Pleas committed no error in setting aside the default judgment, and the judgment complained of will therefore be affirmed.

*Affirmed.*