J. C. JONES, *Admr., v.* M. C. SMITHSON *et al.*

(No. 8553)

Submitted October 12, 1937. Decided November 9, 1937.

*Samuel Price* and *Love & Love,* for plaintiff in error.
*Robinson & Stump,* for defendants in error.

HATCHER, JUDGE:

This is an action in damages brought by the father and administrator of Robert Jones, an infant, for his wrongful death caused by the truck of defendant Smithson. A verdict and judgment was rendered for defendants.

The truck heavily loaded, was backed down a slight slope to within two or three feet of a building, where the truck's emergency brake was set, the transmission placed in low gear and the engine stopped. A small quantity of coal was unloaded in which work Robert took some part. Preparatory to leaving, the truck's gear was placed in neutral and immediately the truck "eased back" crushing Robert's head against the building. Further details seem unnecessary since the questions of negligence and contributory negligence, if any, are so essentially jury questions.

Plaintiff complains because he was not permitted to ask the veniremen upon their *voir dire* examination if any of them were interested in a certain company which insured the defendant against damages arising from the operation of his truck. This was not error. See what is said thereon in *Adams* v. *Cline Ice Cream Company*, 101 W. Va. 35, 131 S. E. 867.

Plaintiff further complains because his instruction No. 3 was rejected. That instruction stated purely abstract propositions of law, hence its refusal was not error. *Parker* v. *Nat. Mut. Bldg. & Loan Ass'n.*, 55 W. Va. 134, 46 S. E. 811.

Plaintiff complains again because defendants' instructions Nos. 2, 6 and 11 were given to the jury. No. 2 directed the jury to find for defendants if Robert was guilty of "some negligence" which "* * * contributed to the fatal accident." Since the essential element of negligence, either primary or secondary, is its proximateness to the accident, this instruction is erroneous for omitting that qualification. *Willhide* v. *Biggs*, 118 W. Va. 160, 188 S. E. 876. No. 6 has the same fault, only in lesser degree. No. 11 would have the defendants acquitted if the jury should believe from the evidence that the father directed Robert "to go behind the truck." There is no evidence supporting this hypothesis, hence the instruction was erroneous.

The judgment is reversed, the verdict set aside and a new trial awarded the plaintiff.

*Judgment reversed; verdict set aside; new trial awarded.*