Winters B. Crookshank

*v.*

Leslie Hall

(No. 10580)

Submitted February 2, 1954.    Decided March 2, 1954.

*Edward H. Greene, C. M. Morgan,* for plaintiff in error.

*J. J. N. Quinlan, T. D. Wilson,* for defendant in error.

RILEY, JUDGE:

In this action of trespass on the case, instituted in the Circuit Court of Cabell County by Winters B. Crookshank against Leslie Hall, to recover for personal injuries alleged to have been sustained by plaintiff as the result of a collision between a taxicab owned by plaintiff's employer, Taxi Service, Inc., and operated by plaintiff, and an automobile owned by defendant, the plaintiff prosecutes this writ of error to a judgment in defendant's favor, denying recovery, based upon a jury verdict likewise in defendant's favor.

The printed record does not disclose that the evidence in this case was made a part of the record by a bill of exceptions signed by the trial court, as provided by Code, 56-6-35, or by a certificate in lieu of a bill of exceptions, as provided by Code, 56-6-36. However, page 121 of the original record, filed in the Clerk's office, contains a certificate signed by the Judge of the Circuit Court of Cabell County, which is so ineptly drawn that there is grave doubt that it satisfies the provisions of Code, 56-6-36. But as the final order of the Circuit Court of Cabell County, to which the instant writ of error is prosecuted, was entered on October 27, 1952, and the certificate of the Judge was dated March 6, 1953, the certificate, even if sufficient to serve as a certificate in lieu of a bill of exceptions under Code, 56-6-36, does not serve to incorporate the evidence in this record as a part of the record, for the reason that the certificate was signed more than sixty days after the entry of the final judgment. In *Hall* v. *Shelton,* 93 W. Va. 592; 116 S. E. 12, this Court held that the time limit for signing a bill of exceptions, and by equal force the rule, in our opinion, applies to a certificate in lieu of a bill of exceptions, is jurisdictional. That being so, though the point is not raised by assignment of error or otherwise,

this Court will, as it should, take notice of the defect *ex mero motu.* See also *Given* v. *Diamond Shoe, etc., Co.,* 84 W. Va. 631, 633, 101 S. E. 153; *Barker* v. *Stephenson,* 67 W. Va. 490, 68 S. E. 113.

Three errors are assigned: (1) The refusal of the trial court to permit plaintiff to testify concerning his earnings; (2) the trial court's ruling in admitting the evidence introduced on behalf of the defendant as to settlements made by defendant's witnesses Byrd and Hanner in law actions which had been pending in the Circuit Court of Cabell County against Taxi Service, Inc., in which these witnesses were plaintiffs; and (3) the giving of defendant's instructions Nos. 1B, 4 and 5, which submitted to the jury the question of contributory negligence.

As the evidence has not been made a part of the record by a proper bill of exceptions, or a certificate in lieu of a bill of exceptions, the first and second grounds of error, embracing the rulings of the trial court in refusing to admit evidence, bearing on plaintiff's earnings, and in admitting over plaintiff's objection, evidence as to settlements that Taxi Service, Inc., had effected with defendant's witnesses Byrd and Hanner will not be considered on this writ of error. The alleged errors will not be considered by this Court for the further reason that the evidence, the admission and rejection of which are assigned as errors in the first and second grounds of error, are waived, because the evidence in regard thereto is not specifically set forth as the ground of a motion to set aside the verdict and grant a new trial, and is not incorporated in a special bill of exceptions which shows the evidence and rulings of the court in admitting or rejecting it. *Ritz* v. *Kingdon,* pt. 3 syl., 139 W. Va. 189, 79 S. E. 2d 123.

Defendant's instructions Nos. 1B, 4 and 5, the giving of which is assigned as plaintiff's third ground of error, read:

## "DEFENDANT'S INSTRUCTION NO. 1B

"The Court further instructs you gentlemen that in this case negligence on the part of the de-.

fendant must be the grounds of the plaintiff's action and it therefore rests upon the plaintiff to trace the fact of his injury to the defendant by proving negligence upon the part of the defendant, or his son, who, it is alleged was driving the Hall automobile at the time of the collision, and for this purpose the plaintiff must show the circumstances under which the injury occurred, and if from these circumstances so proved by the plaintiff, and from all of the evidence, including the evidence of the defendant, it appears that the fault of the injury was mutual, or in other words, if both the plaintiff and Leslie Hall, Jr. were negligent, then the court directs you to return into open court with the following verdict.

"We, the jury agree and find for the defendant.

## "DEFENDANT'S INSTRUCTION NO. 4

"The court further instructs the jury that if you believe from all of the evidence in this case that the plaintiff was negligent, no matter how small his negligence might have been, you cannot find a verdict for him and must find the following verdict.

"We, the jury, agree and find for the defendant.

## "DEFENDANT'S INSTRUCTION NO. 5

"The court further instructs you gentlemen that the allegations contained in the Declaration of the plaintiff, Winters B. Crookshank, charging Leslie Hall with some act of commission or omission, acting through his son, Leslie Hall, Jr., and that any act or acts was or were negligent acts, that is neither proof of the act nor of its negligence.

"You gentlemen cannot guess that the defendant was negligent or that his son, Leslie Hall, Jr., was negligent, but it must be proved by a preponderance of the evidence; and if you believe that the plaintiff has failed to prove, by a preponderance of the evidence, negligence on the part of Leslie Hall, Jr., and further that Winters B. Crookshank was negligent in any manner in the operation of the taxi-cab, your verdict must be

"We the jury agree and find for the defendant."

As each of these instructions has noted thereon the ruling of the trial judge over his proper signature and the objections and exceptions of plaintiff's counsel, the instructions, though not embraced in a bill of exceptions, or a certificate in lieu thereof, are a part of the record under the provisions of Code, 56-6-20.

The giving of these three instructions, in that they submit to the jury the question of contributory negligence, in our opinion, constitutes prejudicial error.

Defendant's instructions Nos. 1B, 4 and 5, in that they purport to instruct the jury on contributory negligence without properly submitting to the jury the question of proximate cause, improperly submitted to the jury the question of contributory negligence; and even if there had been sufficient evidence in this case to warrant the giving to the jury of an instruction on contributory negligence, the action of the trial court in giving defendant's three above-quoted instructions constitutes reversible error. Contributory negligence, which will bar recovery, is such negligence on the part of the plaintiff as, concurring with the negligent act of the defendant, is the proximate cause of plaintiff's injuries. *Barr* v. *Curry,* 137 W. Va. 364, 71 S. E. 2d 313; *Divita* v. *Atlantic Trucking Co.,* 129 W. Va. 267, 40 S. E. 2d 324.

For the sole reason that the trial court committed prejudicial error in giving defendant's instructions Nos. 1B, 4 and 5, the judgment of the Circuit Court of Cabell County is reversed, the verdict set aside, and a new trial awarded.

> *Judgment reversed;*
> *verdict set aside;*
> *new trial awarded.*

Lovins, Judge, dissenting:

I dissent.

Instructions 1B, 4 and 5, with objections thereto, are a part of the record, made so by Code, 56-6-20. The in-

structions and objections thereto read as follows: "I object to Defendant's Instruction 1B on the ground it is purely an abstract statement of law and has no relation at all to the facts in the case. It is not tied up to the facts in this case, it doesn't refer to any of the facts in this case. It is just an abstract statement of the law. THE COURT: Given. (Exception) DEFENDANT'S INSTRUCTION NO. 1B The Court further instructs you gentlemen that in this case negligence on the part of the defendant must be the grounds of the plaintiff's action and it therefore rests upon the plaintiff to trace the fact of his injury to the defendant by proving negligence upon the part of the defendant, or his son, who, it is alleged was driving the Hall automobile at the time of the collision, and for this purpose the plaintiff must show the circumstances under which the injury occurred, and if from these circumstances so proved by the plaintiff, and from all the evidence, including the evidence of the defendant, it appears that the fault of the injury was mutual, or in other words, if both the plaintiff and Leslie Hall, Jr were negligent, then the court directs you to return into open court with the following verdict. We, the jury, agree and find for the defendant. GIVEN John W. Hereford, Judge." Plaintiff's objection to Instruction No. 4 reads as follows: "The plaintiff objects to the Defendant's Instruction 4 on the ground it is a restatement of contributory negligence as contained in Defendant's Instruction No. 1B. THE COURT: Given. (Exception)" Defendant's Instruction No. 4 reads as follows: "The Court further instructs the jury that if you believe from all of the evidence in this case that the plaintiff was negligent, no matter how small his negligence might have been, you cannot find a verdict for him and must find the following verdict—We, the jury, agree and find for the defendant. GIVEN John W. Hereford, Judge THE COURT: Is there any objection to Defendant's Instruction No. 5? I object to part of it. He is restating contributory negligence again in that instruction, in the second

paragraph. That part should be stricken. The court should not instruct the jury ten times on contributory negligence. One instruction is sufficient. THE COURT: I am going to give that one. (Exception) DEFENDANT'S INSTRUCTION NO. 5 The Court further instructs you gentlemen that the allegations contained in the Declaration of the Plaintiff, Winters B. Crookshank, charging Leslie Hall with some act of commission or omission, acting through his son, Leslie Hall, Jr., and that any act or acts was or were negligent acts, that is neither proof of the act nor of its negligence. You gentlemen cannot guess that the defendant was negligent or that his son, Leslie Hall, Jr., was negligent, but it must be proved by a preponderance of evidence; and if you believe that the plaintiff has failed to prove, by a preponderance of the evidence, negligence on the part of Leslie Hall, Jr., and further that Winters B. Crookshank was negligent in any manner in the operation of the taxi-cab, your verdict must be We the jury agree and find for the defendant. GIVEN John W. Hereford, Judge."

A cursory reading of the instructions show that they are erroneous. Instruction 1B certainly does not include the necessary element that the contributory negligence of the plaintiff, if any, was the proximate cause of his injury. The vice of instruction 4 is similar to that in Instruction 1B, disregarding as it does entirely, the element of proximate cause. Instruction 5 also ignores the question of proximate cause. All three instructions are couched in language which requires a verdict for the defendant and are therefore binding. The factual premises set forth in each instruction are not sufficient to support a verdict for the defendant. Undoubtedly, those instructions constituted error in each instance, but the objections of the plaintiff to the instructions do not mention the errors existing therein and are not specific so as to be noticed by this Court.

Rules of Practice of trial court promulgated and made effective by this Court April 10, 1936, apply with parti-

cular force. Rule VI (e) reads in part as follows: "* * * *specific grounds of objection only will be considered.* [Emphasis supplied] Exceptions to the refusal to grant or to granting the same or to modified instructions shall be made at the time, or the same shall be deemed to be waived." 116 W. Va. lxiii. Reasonable rules may be established under inherent powers of the court, and when such rules are not in excess of its authority, they have the force of law. *Piano Company* v. *Burgner,* 89 W. Va. 475, 109 S. E. 491. See *Altmeyer* v. *Fassig,* 114 W. Va. 266, 171 S. E. 529.

The objections made by the plaintiff to instruction 1B is based upon the theory that such instruction is abstract, but since the evidence is not made a part of the record, that element cannot be considered. If the evidence was made a part of the record, the only question we should consider as relating to instruction 1B is that it is abstract for the reason that that is the only specific objection made thereto. The objection to instruction number 4 is made on the grounds that it was a restatement of the law of contributory negligence as contained in instruction number 1B. The same objection is made by the plaintiff to the giving of instruction number 5. Those objections if they are specific enough, which they are not, could be considered. But under Rule VI (e), we cannot consider anything except the general objections made by the plaintiff.

It is my thought that rules made and promulgated by this Court should be scrupulously and faithfully observed by counsel and this Court in the consideration of cases to which they apply. We should not adopt the policy of honoring such rules in their breach, rather than in their observance. I think we are paying lip-service to the rule in this case and ignoring the real meaning of Rule VI (e), requiring specific objections to instructions. Though the case is full of error, I do not think any of such errors have been properly and legally presented to this Court, and therefore, such errors should not be considered.

I would therefore affirm the judgment of the trial court.