HATTIE WELLMAN

*v.*

F. H. CHRISTIAN

(No. 12140)

Submitted May 1, 1962.                    Decided July 3, 1962.

*Greene, Morgan & Ketchum, Claude M. Morgan, Chad W. Ketchum,* for appellant.

*Campbell, McNeer, Woods & Bagley, R. G. McNeer, C. F. Bagley,* for appellee.

BROWNING, JUDGE:

In this civil action, plaintiff, Hattie Wellman, seeks to recover damages for personal injuries received on August 21, 1960, when she fell down the basement stairs in the home of the defendant, F. H. Christian.

The stairs involved go down three steps to a landing then descend 6 to 8 steps to the basement floor. They are described by the defendant as being a "little bit" steep, "not of the slope as they would be upstairs in the house." They were covered by rubber treads which were nailed or tacked beneath the leading edge of the steps, folded back flat across the top and again tacked at the rear of the steps. Defendant had washed down the stairs sometime prior to August 21, 1960, and, to facilitate mopping, had removed the nails or tacks fastening the rear of the treads. Defendant is the former husband of plaintiff's daughter and during the marriage plaintiff had resided in the defendant's home for 5 or 6 years, during which time plaintiff, on various occasions, had used the basement stairs. Some jars used for canning purposes were stored in the basement and, upon the divorce, defendant allowed plaintiff's daughter to keep them there with the understanding that she, the daughter, could have them at any time.

It was stipulated "that the defendant's former wife had left some jars in the basement, and the plaintiff was returning to the basement to remove the fruit jars and that she had procured the permission to do so from the defendant with the intention of using the fruit jars for some canning purposes in her own home." Defendant accompanied her and preceded her down the stairs. Defendant, though he did not see plaintiff's fall, testified that she slipped on one of the treads and also stated that he did not tell her that he had unfastened the rear of the treads. Plaintiff testified that she had a basket in which to get the jars and was going down the stairs, ". . . And I got down so far and I stepped off the one step onto the other, and they had rubber treads on them. And I thought they were tacked, but he had— Forrest had took them loose to clean the steps. And when I stepped on that one down where I fell, why, it just slid, slid out, and then went over off on the step. And I don't know if I slid over any more than one step or not. I couldn't say that for sure. But I know I slid over one and then I hit, I went down, you know, when I slid. That is when I broke my leg. . . ." Plaintiff is a woman in her seventies, had suf-

fered paralysis of the left side of her face and, at the time of the injury "had had hypertension cardiovascular disease."

Upon the trial of the case the jury found for the defendant and judgment was entered thereon. A motion to set aside the judgment and award plaintiff a new trial was overruled and, upon plaintiff's application, this Court granted an appeal on October 23, 1961. Errors assigned in this Court are, in substance: (1) That the verdict is contrary to the law and the evidence; (2) That there is no evidence that plaintiff was guilty of contributory negligence; and (3) the giving of defendant's instructions Nos. 3 and 4.

Defendant's instruction No. 3 is as follows: "The Court instructs the jury that if you find from the evidence in this case that the plaintiff, Hattie Wellman, was guilty of any negligence, no matter how slight, which contributed to the accident which resulted in injury to her, then she is not entitled to recover and it is your duty to return a verdict for the defendant, F. H. Christian." This instruction was objected to on the ground that "The word 'proximately' contributed must be in there, not just contributed". Defendant's instruction No. 4 provides: "The Court instructs the jury that the law imposes upon the plaintiff the duty of exercising reasonable care for her own safety, and if you find from the evidence in this case that the plaintiff, Hattie Wellman, failed to exercise such reasonable care for her own safety and such failure contributed proximately to the injury of which she complains, then it is your duty to return a verdict for the defendant, F. H. Christian." No objection was made to the giving of this instruction at the time, however, in argument and brief, plaintiff's counsel assert that it, and No. 3, are erroneous for the reason that there was no evidence of any negligence on the part of the plaintiff on which to base the instructions, and that No. 3 is erroneous for the additional reason, assigned at the trial, that it omits the word "proximately" or its equivalent. Instructions Nos. 1 and 2, given at the request of plaintiff, both negative contributory negligence.

In the pretrial order, to which there was no objection by counsel for either party, it was provided: "Was the plaintiff

herself negligent which contributed to the injuries which she sustained?" Plaintiff's instruction No. 2, which was given over the objection of counsel for the defendant, informed the jury that they should return a verdict for the plaintiff if they believed the defendant failed to use ordinary care to prevent injuring her, "unless you further believe that she was guilty of negligence proximately contributing to her own injuries. . ." The same language is contained in plaintiff's instruction No. 1, to-wit: ". . . unless you further believe that she was guilty of negligence proximately contributing to her own injuries. . ."

This is the single syllabus point in *Dangerfield* v. *Akers,* 127 W. Va. 409, 33 S. E. 2d 140:

> "Where in the trial of an action at law before a jury the plaintiff and defendant each ask for, and the trial court gives instructions based on the supposed existence of evidence on a single point in the case, when in fact there is no evidence on which such instructions could properly be given, the error is one invited by the litigants, and neither can take advantage thereof in this Court. And where such case involves conflicting testimony and circumstances, as to matters of fact, and the case has been fairly tried, and the jury otherwise properly instructed, the verdict of the jury should not be set aside unless plainly contrary to the weight of the evidence, or without any evidence to support it."

In the opinion the Court, after citing authority therefor, stated:

> "We think the same principle applies to a case where there being no evidence on which to base instructions, instructions were given at the instance of both parties on the assumption that there was such evidence.
>
> "But counsel for plaintiff, in an effort to avoid the force and effect of these decisions, say that they do not apply in this case, for the reason that the plaintiff was compelled to ask for instructions Nos. 2 and 3, to meet a contention of the defendant, and that without the language referred to the instructions would not have correctly stated the law. We do not think this position is tenable. All instruc-

tions are based upon evidence. Slight evidence will generally authorize the court to give an instruction presenting the theory of a litigant based thereon. But where there is no evidence on a given question, there is never any occasion to give an instruction thereon. Therefore, if the plaintiff's contention that there was no evidence of negligence on the part of the plaintiff be upheld, then it was not necessary for the plaintiff to refer to the plaintiff's negligence or fault in his instructions Nos. 2 and 3. If, however, there was error in the giving of instruction No. 7 on the part of the defendant, by reason of lack of evidence on which to base it, we do not think the plaintiff can now take advantage thereof. . . ."

It will be observed from defendant's instruction No. 4, which has heretofore been quoted, that with reference to the alleged negligence of the plaintiff it contains this language: "and such failure contributed proximately to the injury of which she complains," whereas the language contained in defendant's instruction No. 3 with reference to her negligence is stated this way: "was guilty of any negligence, no matter how slight, which contributed to the accident which resulted in injury to her,". The word "proximately" was contained in instruction No. 4 but not in instruction No. 3 and this is the only question that has given this Court any concern upon this writ of error.

Counsel for the appellant contends that this instruction "is very similar to defendant's instruction" No. 4 in *Crookshank* v. *Hall,* 139 W. Va. 355, 80 S. E. 2d 330, which reads as follows:

"The court further instructs the jury that if you believe from all of the evidence in this case that the plaintiff was negligent, no matter how small his negligence might have been, you cannot find a verdict for him and must find the following verdict.

"We, the jury, agree and find for the defendant."

A comparison of that instruction with defendant's instruction No. 3 in the instant case shows that the latter has in it the phrase, "which contributed to the accident which resulted in injury to her," whereas defendant's instruction No. 4 in the *Crookshank* case contains no such language.

In the case of *Graham* v. *Wriston,* 146 W. Va. 484, 120 S. E. 2d 713, defendant's instruction No. 7 read as follows: "The Court instructs the jury that if you should believe from the evidence that both plaintiff and defendant were guilty of negligence which combined and contributed to cause the accident and injuries testified about, then the plaintiff can not recover damages, and it is your duty to return a verdict in favor of the defendant, Orville Wriston." The only objection offered by defendant to this instruction was that it was "violative of *Walker* v. *Robertson* at page 574". This Court held "there having been no specific objection in this respect, the omission of the element of proximate cause from the instruction will not be considered." However, this language was used in the opinion: "It is fundamental also that negligence on the part of a plaintiff will not be regarded as sufficient to preclude recovery of damages by him unless such negligence contributed proximately to cause the damage of which he complains. Perhaps in this instance the element of proximate cause is implied in the language, 'that both plaintiff and defendant were guilty of negligence which combined and contributed to cause the accident. . . .' We do not, however, approve of leaving the element of proximate cause to intendment. It is a matter so fundamental in such cases that it should be stated clearly and expressly." See also *Payne, Admr.* v. *The Virginian Railway Co.,* 131 W. Va. 767, 51 S. E. 2d 514; *Skaff* v. *Dodd,* 130 W. Va. 540, 44 S. E. 2d 621; *Jones* v. *Smithson,* 119 W. Va. 389, 193 S. E. 802.

However, even though the giving of defendant's instruction No. 3 may have been erroneous in another case, it seems clear from the evidence that the plaintiff, the mother of the defendant's ex-wife, was not an invitee. "Mere permissive use of premises, by express or implied authority, ordinarily creates only a license." *Smith* v. *Sunday Creek Co.,* 74 W. Va. 606, 609, 82 S. E. 608. As to a licensee, the law does not impose upon the owner of property an obligation to provide against dangers which arise out of the existing condition of the premises inasmuch as the licensee goes upon the premises subject to all the dangers attending such entry. *Waddell* v. *New River Co.,* 141 W. Va. 880, 93 S. E.

2d 473; *Robertson* v. *Coal & Coke R. Co.*, 87 W. Va. 106, 104 S. E. 615; *Ross* v. *Kanawha & M. Ry. Co.*, 76 W. Va. 197, 85 S. E. 180.

The trial court refused an instruction offered by defendant which would have informed the jury that plaintiff "was a licensee" but gave plaintiff's instruction No. 2 containing this language: ". . . that if you believe from a preponderance of the evidence in this case that at the time the plaintiff was injured, her entry upon the premises of the defendant was in their common interest or to their mutual advantage, that under such circumstances she was an implied invitee and the defendant owed her the duty to exercise ordinary care to prevent injuring her. . . ." This instruction was given over the strenuous objection of counsel for the defendant. The jury by its verdict in favor of the defendant passed upon that question and found that she was not an invitee and that no duty owing to her by the defendant had been breached. In view of that finding it is the view of this Court that it was not reversible error in the instant case to give defendant's instruction No. 3. The judgment of the Circuit Court of Cabell County is affirmed.

Judge Leslie E. Given, former member of this Court, participated in the decision in this case but died prior to the preparation, approval and announcement of the opinion by the present members of the Court.

*Affirmed.*